# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## February 8, 1918.

## THE PEOPLE ex rel. WILLIAM ROACHE v. JAMES M. CARTER, Supt.

(181 App. Div. 833.)

1. COMMUTATION, COMPENSATION AND PAROLES—LAWS 1916, CHAP. 358—CONSTRUCTION OF LAW NOT TO BE DETERMINED ON MANDAMUS TO DISCHARGE CONVICT.

The court on a writ of mandamus granted on the relation of a person convicted of crime will not determine whether the so-called Compensation Act (Laws of 1916, chap. 358), allowing a convict certain deductions from his time of imprisonment for efficient and willing performance of duties assigned to him, is retroactive if it appears that the relator has actually been released from confinement so that he is without any actual grievance.

2. SAME—RIGHTS OF CONVICTS SIMILARLY SITUATED WILL NOT BE DETERMINED.

Moreover, the court will not direct the Superintendent of State Prisons and others to meet to parole all convicts entitled to parole under said statute on a petition for mandamus made by a single convict for the redress of his own grievance and those of other convicts similarly situated.

3. SAME—DEDUCTIONS FROM TERM OF SENTENCE CANNOT BE EARNED BY CONVICT ON PAROLE.

It seems, that under said statute a convict is not entitled to compensation by deduction from his time of imprisonment during the period he is on parole, for during such period there can be no efficient and willing performance of duties assigned to him within the meaning of the statute.

4. SAME.

The court will not suggest how the prison authorities should make up a table so as to allow to a convict the number of days' deduction he has earned by willing performance of duties.

5. SAME.

Apparent contradictions in said statute relating to the question as to whether it is retroactive should be corrected by the Legislature.

CROSS-APPEALS by the relator, William Roache, and by the defendants, James M. Carter, as superintendent, and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 17th day of December, 1917.

The relator appeals from so much of said order as denies his prayer that chapter 358 of the Laws of 1916 be declared retroactive and that the compensation provided by it shall date from the commencement of the term of imprisonment of each convict. The defendants appeal from so much of said order as directs that a peremptory writ of mandamus issue commanding them to meet and allow to this relator and all other convicts similarly situated certain compensation.

*Benjamin Fagan,* for the relator.

*Edward G. Griffin,* Deputy Attorney-General (*Merton E. Lewis,* Attorney-General, with him on the brief), for the defendants.

THOMAS, J.:

The record shows that the Superintendent of Prisons, by affidavit under date of October 9, 1917, admitted that the relator was eligible for parole on December 21, 1917. This is in answer to relator's petition vertified October 13, 1917, which states that relator was entitled to go before the Parole Board in September, 1917, and to be discharged on October 10th. The Special Term, on December 17, 1917, granted a writ of mandamus directing the defendants forthwith to meet and to allow the relator and all other convicts similarly situated " the compensation provided by statute, computed and based upon an allowance of ten days within every thirty-day period for willing and efficient performance of duties assigned to them," if entitled to it, and to reckon the compensation by thirty-day periods, not

excluding Sundays or holidays. Appeal from the order was taken by both parties, the relator because the order does not declare the Compensation Act (Laws of 1916, chap. 358) to be retroactive, and the defendants because all the order is deemed erroneous. And yet, when the appeal came on for argument in January, 1918, the relator was presumably released and was without actual grievance. What question related to him, then, is there for decision? What convicts are similarly situated? What is denied them? Why should a mandamus run in their favor? No concrete thing is disclosed. The defendants are entitled to a modification of the order so far as it directs them to assemble and parole all entitled convicts. Courts cannot so direct officers to act on the convicts in mass upon the petition of a single convict, who has no community of rights, and who reveals rather imperfectly his own complaint, but gives no details of their plight. It is evident that the parties are seeking the opinion of this court concerning a way to execute the statute. For, upon the argument the relator stated that the worthy convict is entitled to ten days' compensation in each thirty days. The Attorney-General agreed to that. That is what the statute declares. Both parties advise the court that Sundays and holidays are to be reckoned with the days of service. Where, then, is the question? Is it not plain that, if the convict is allowed ten days in every thirty, the time will come when his days actually served, with the compensatory days, will equal the limit of his service? Upon the argument, there was difficulty in learning at what date the relator would have been entitled to go out, if credited with ten days in each thirty well served. The court should be informed of the precise right denied, and what exact thing is wrongfully taken away. The difficulty is that the relator is not satisfied to take ten days in each thirty served, but insists also on ten days in each thirty elapsing while he would be on parole. That is, parole time is made to earn a reduction of the imprisonment that precedes it.

For instance, starting with the year 1917, through which a sentence would run, if the convict by serving satisfactorily for the first nine months would earn a discharge on October first, the relator would insist that he also be credited with ten days for each thirty-day period thereafter, and so entitled to a discharge some thirty days earlier than the first of October. But subdivision 3 of section 230 of the Prison Law (Consol. Laws, chap. 43; Laws of 1909, chap. 47), as amended by chapter 358 of the Laws of 1916, declares that a convict " may also earn in each period of thirty days, * * * in further reduction of his or her definite sentence, or in reduction of the minimum term * * *, as compensation for efficient and willing performance of duties assigned to him or her, not to exceed ten days in any such thirty-day period in which the duties assigned are performed in the manner above specified." A person already released from prison cannot thereafter reduce his sentence by efficient and willing performance of duties assigned to him. The construction suggested by the relator is so obviously illogical and erroneous that it requires no discussion. On the other hand, if through convenience a table has been prepared that does not work out for each convict an exact ten days for each thirty days well served, the table is wrong, and it is not the duty or purpose of the court to suggest how it should be fashioned. Indeed, the prison authorities should be quite qualified to observe aptly the statute. The relator also suggests that under the statute he was entitled to credit for time satisfactorily served before chapter 358 of the Laws of 1916 went into force. He bases this contention upon the language of subdivision 3 of section 230 of the Prison Law, as amended by chapter 358 of the Laws of 1916, which provides that he could earn ten days' compensation in each period of thirty days, " counting from the day when his or her imprisonment began." That refers to a convict confined at the time the act took effect who is subject to the jurisdiction of the Parole Board and to any convict there-

after received in the prison. But the section thereafter gives the same compensation to a convict "now confined who is subject to the jurisdiction of the Parole Board, from the time this section as hereby amended takes effect." So the section has opposite statements. The counsel for the relator contrasts this provision with that in subdivision 2, which, as he states, refers to prisoners who have definite sentences, and provides that "Any such convict may also earn in each period of thirty days of the unexpired term, counting from the day on which this section as hereby amended takes effect." The Attorney-General points out that if the relator's contention prevails, a convict serving not less than twenty or more than forty years' sentence since 1897 should have credit from the time he entered the prison until his minimum sentence expires, although the board that would pass upon the question of his efficient and willing performance of duties has been changed. It is sufficient to say at this time that there is no evidence before the court that any person is aggrieved, or that there are any facts or circumstances requiring the court to take action, even if the statute be regarded as retroactive. It would seem to be the function of the Legislature to correct what appears to be a contradiction.

The order should be modified so far as it relates to convicts similarly situated, and as so modified affirmed, without costs.

JENKS, P. J., PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order modified so far as it relates to convicts similarly situated, and as so modified affirmed, without costs.