People ex rel. Charles McDonald, Alias Charles Gondolf, Relator, *v.* James M. Carter, Superintendent of State Prisons, and William M. Moyer, as Agent and Warden of the State Prison at Sing Sing, Defendants.

(Supreme Court, Westchester Special Term, May, 1918.)

Prison Law, § 230(3) as amended by Laws of 1916, chap. 358 — provisions of — convicts — parole board — compensation.

Under section 230(3) of the Prison Law which, as amended by chapter 358 of the Laws of 1916, provides that " any convict now confined * * * who is subject to the jurisdiction of the parole board * * * may also earn in each period of thirty days * * * from the time this section as hereby amended takes effect * * * in reduction of the minimum term * * * as compensation for efficient and willing performance of duties assigned to him or her, not to exceed ten days in any such thirty-day period in which the duties assigned are performed, etc.," one committed to prison on October 14, 1914, under an indeterminate sentence of from five to ten years is only entitled to compensation which he may have earned since May 1, 1916, when the amendatory act took effect.

Motion for a mandamus.

Benjamin Fagan, for relator.

Merton E. Lewis, attorney-general, for defendants.

Platt, J. Motion for a mandamus requiring defendants to credit relator with compensation under chapter 358, Laws of 1916, from the time of his commitment to prison on October 14, 1914, under an indeterminate sentence of from five to ten years and to reckon his

compensation by thirty-day periods, instead of by calendar months. The reply papers do not dispute relator's efficient and willing performance of duties assigned to him, but claim that all he is entitled to compensation for are ten months and ten days on three years, five months and thirteen days service, beginning May 1, 1916. Subdivision 3 of section 230 of the act provides that " *⋅ * * Any convict now confined * * * who is subject to the jurisdiction of the parole board * * * may also earn in each period of thirty days * * * from the time this section as hereby amended takes effect * * * in reduction of the minimum term * * * as compensation for efficient and willing performance of duties assigned to him or her, not to exceed ten days in any thirty-day period in which the duties assigned are performed in the manner above specified."

Under this section the relator is only entitled to compensation which he may have earned since May 1, 1916, when the act took effect. It should be noted that the statute allows " Not to exceed 10 days," rather than ten full days in each thirty-day period, regardless of the extent or degree of efficiency and willingness displayed.

Subdivision 4 of this section provides for the keeping of suitable books by the agent and warden with each convict entitled to earn compensation and at the end of each thirty-day period to credit such convict with the time he has earned, as such compensation within said period, and to enter the same in the account which shall stand as the compensation allowed, unless withheld wholly or partly by the prison board as punishment, as provided in section 236. This subdivision 4 was first enacted in 1916. Prior to that time no such books were required to be kept and no

credit for compensation was allowed. Under section 235 the superintendent of state prisons shall formulate rules governing the " allowance or disallowance of commutation to convicts for good conduct and diminution of sentence on account of compensation earned for efficient and willing performance of duties assigned," *i. e.,* a standard of conduct and procedure to determine and establish it. The diminution of sentence here referred to means a deduction from the part of the sentence still to be served.

Section 236 provides for a board, consisting of the agent and warden, principal keeper, physician and superintendent of industries for the purpose of applying these rules for the allowance or disallowance of commutation and compensation, which shall meet and determine the amount of either they shall recommend, not exceeding the amount fixed by the statute or the amount that they recommend the withholding of, as a punishment for violation of such rules. The allowance of compensation is within the power and discretion of the prison authorities, subject to the restrictions mentioned in the statute and the approval of the governor, and the convict cannot earn any without efficient and willing discharge of duties assigned to him for a full period of thirty days and then, not exceeding ten days in every thirty-day period, or such part thereof as the agent and warden may deem just. Here evidently the authorities intend to allow relator the full complement or compensation provided by the act, but the relator claims that their computation of it has not that effect. He has three years, five months and thirteen days to serve since the passage of the act, or 1,260 days, amounting to forty-two thirty-day periods; an allowance of ten days for each of these, if that was intended, would be fourteen periods or four hundred and twenty days. I think, therefore, the

warden should compute the number of days relator has actually earned since May 1, 1916, by willing and efficient service, which have been awarded or allowed to him by the warden, not exceeding ten in any thirty-day period and credit him therewith.

Ordered accordingly.