**248**   People ex rel. Gabriel *v.* Warden, etc.

Supreme Court, November, 1919.        [Vol. 109.

---

The People ex rel. Frank Gabriel, Relator, *v.* The Warden of the New York County Penitentiary, Ward's Island, New York, Respondent.

(Supreme Court, Kings Special Term, November, 1919.)

Statutes — when statute held to be retroactive — habeas corpus — Penal Law, § 2193 — Prison Law.

The statute (Laws of 1919, chap. 410) which provides for calculating a term of imprisonment, though in form amending section 2193 of the Penal Law, is entirely new, and as it affects no vested right it will in the interests of justice and plain language be held to be retroactive in operation and applicable to all convicts.

The deduction in the term of imprisonment as provided in said statute must be made according to the provisions of the Prison Law, and the relator not having followed this procedure is not entitled to his discharge.

HABEAS CORPUS proceeding.

John Leary, for relator.

Charles R. Weeks, district attorney, Nassau county, for respondent.

CROPSEY, J.    The question involved is the construction and validity of chapter 410 of the Laws of 1919. That statute amended section 2193 of the Penal Law. All of the former section was omitted, so the present section is entirely new. The first sentence of the section now reads: ''Any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and be calculated as a part of the term of the sentence imposed upon him, whether such sentence is an indeterminate one or for a definite period of time; and such time shall, in addition to the time allowed for good conduct and earned as compensation, be deducted from the term of sentence so imposed, under the provisions of article nine of the prison law.''

The relator is confined in a penitentiary under sentence for one year. If the time he spent in jail awaiting his trial was deducted from the term of his sentence, he would now be entitled to his discharge.

The first question is whether this statute has any retroactive effect. The claim of the respondent is that it has merely a prospective effect, that it applies only to prisoners convicted after it became a law, and that it does not apply to those previously convicted. It is unquestioned that the general rule is that a statute will not be construed so as to give it a retroactive operation, unless its language, either expressly or by necessary implication, requires it to be so construed. *Sanford* v. *Bennett,* 24 N. Y. 20, 23; *People ex rel. Leet* v. *Keller,*

157 id. 90, 99; *Jacobus* v. *Colgate,* 217 id. 235, 240. But this rule is not an inflexible one. It does not apply to remedial statutes, or to those extending benefits where vested or constitutional rights are not affected. *People ex rel. Collins* v. *Spicer,* 99 N. Y. 225, 233, 234; *Brower* v. *Bowers,* 1 Abb. Ct. App. Dec. 214; *Burch* v. *Newbury,* 10 N. Y. 374, 392. Concededly, the statute in question is not, by express terms, given a retroactive effect. Nor is there a necessary implication from its provisions that it must have that effect. On the other hand, there is no express language in it indicating that the legislature intended it to have only a prospective effect. Nor · must that construction necessarily follow by implication from the language used. In other words, the statute is not expressly, or by necessary implication, given either a prospective or a retroactive operation. And as it does not affect any vested or constitutional right, it must be construed so as to give effect to the intention of the legislature. The statute being a beneficent one, the general rule of construction already mentioned is not conclusive. The question of intention is open for the court's decision. And that may be determined, not only from the language used, but also from the circumstances surrounding its enactment. *People ex rel. Collins* v. *Spicer,* 99 N. Y. 225, 233, 234, and cases cited. In so doing, the court must not interpolate anything into the statute nor render a decision which, in effect, is a legislative enactment. *Matter of Second Ave. M. E. Church,* 66 N. Y. 395; *McKuskie* v. *Hendrickson,* 126 id. 555; *Leach* v. *Auwell,* 154 App. Div. 170. What was the intention of the legislature in enacting this amendment to the Penal Law which, in terms, is stated to be a provision having to do with " calculating term of imprisonment? " If only the language of the amendment be considered, it seems plainly to be comprehen-

sive. It is broad enough, construed by itself without the insertion or omission of a word, to cover all prisoners, whether convicted before or after its enactment. Unless express language was used that the statute was to have both a past and a future effect, it is difficult to conceive how more broad or comprehensive language could have been employed.

Attention has been called to other statutes which, in terms, are expressly made applicable either to past convictions or to both past and future convictions. Prison Law, §§ 211, 211a, 230, 240. But it does not follow that the language of the present statute must be construed to have only a prospective operation. Where language is used broad enough to cover both a prospective and a retroactive operation, it should not be narrowed or its natural meaning restricted because in some other statutes other words have been used to express the same idea. *People's Rapid T. Co.* v. *Dash,* 125 N. Y. 93, 98. And this is particularly true where, as here, the statute in question is worded entirely different from the other statutes and is in an entirely different form.

The legislative intent cannot be gathered from a reading of the other statutes, because at least one of them provides that it shall take effect only from the date of its passage. Prison Law, § 230, subd. 3, as amd. by Laws of 1916, chap. 358. See *People ex rel. Roache* v. *Carter,* 181 App. Div. 833; *People ex rel. McDonald* v. *Carter,* 103 Misc. Rep. 596; affd., 186 App. Div. 905. No inference therefore can arise from the fact that the statute in question is not in terms made applicable, both to the past and the future, that such was not its purpose. The provisions of other statutes show that the legislature has, at times, made them expressly applicable to the past or to the future, or to both. Hence, they furnish no aid to the con-

struction of a statute where no such express provision is contained. And although sections 231 and 232 of the Prison Law are lacking in such express provisions, it seems clear that they were intended to apply to past as well as future cases.

It is public knowledge that for years there has been persistent agitation against what was claimed to be the injustice of not crediting people convicted of crime with the term they had served in jail pending trial. The contention was not merely that future convicts should have such credit, but that those already under sentence also should have it. Finally, this sentiment found expression in this enactment. And the legislature provided that it should take effect immediately. While this is not conclusive upon the question of intention, it does show that the benefits under the act were to take effect at once and not to be deferred. If the act had been made to take effect at a future date, it would show that it was intended not to have a retroactive operation, for then prisoners whose terms would expire between the time of its enactment and the time it became effective would not receive its benefits.

But it is claimed that the last sentence of the amended section in question shows it was intended to have only a prospective effect. This sentence provides that, at the time of commitment, it shall be the duty of the judge to indorse upon the commitment the length of time spent in jail by the person convicted, prior to his sentence. This provision, however, seems to be only procedural. It does not make for the construction claimed. The judge, in imposing the sentence, was not directed to make this allowance and this would have been the simple method to adopt if the statute was to be merely of prospective operation. Before this amendment, the court always had the discretion to take into account the time spent by a person in prison

awaiting trial (*People ex rel. Stokes* v. *Warden, etc.,* 66 N. Y. 342), but there was no way of knowing, in most cases at least, whether such an allowance had been made.

The Criminal Code (§ 954) provides that no part of it "is retroactive unless expressly so declared." But there is no similar provision in the Penal Law. Section 38 of the latter plainly indicates that an enactment by which punishment for an offense is mitigated may be retroactive, although not expressly so provided.

Nor is the claim that no machinery is provided for carrying out the provisions of the amended statute well founded. The section expressly states that the deduction of the time in question shall be made "under the provisions of article nine of the Prison Law." That article provides the machinery. Under it, reports are to be made monthly from each state prison and penitentiary with recommendations and a statement of the expiration of the convicts' terms, etc. § 233. Rules governing this matter are to be made for state prisons and penitentiaries. § 235. And section 236 provides for the appointment of a board in each institution charged with the duty of reporting upon the parole or commutation or termination of prisoners' sentences. Thus there is a complete method provided.

This statute affects no vested right. There is no reason why it should not be given full effect; and why it should not be held to apply to all convicts. Its language permits such a holding. Humanity dictates it. It is a beneficent statute and should not receive a strained, restricted or unnatural construction. The interests of justice require that its plain language be given its full and fair meaning.

But while the statute is held to be retroactive in operation, the question still remains whether the

254 People ex rel. Gabriel *v.* Warden, etc.

Supreme Court, November, 1919.        [Vol. 109.

relator can be released upon this writ. His contention is that he is entitled absolutely to the deduction without regard to the action of the governor or any prison board. If this be so, then he would be entitled to his discharge now. But the language of the statute already mentioned shows that the deduction is to be made according to the provisions of the Prison Law. That is, the boards in the various institutions must make reports to the governor, and he must then act thereon. This is the procedure that must be followed under this statute before the deduction in question becomes effective. This makes it unnecessary to determine whether the enactment would be constitutional if it provided for the deduction absolutely and without the approval of the governor. That is, whether, as to those theretofore convicted, such a provision would conflict with the constitutional power of the governor to pardon and commute. While there seems to be a conflict in the authorities upon that question, there can be no serious doubt of the validity of a statute which, in the last analysis, leaves the decision with the governor as does the present one. See *Singleton* v. *State,* 34 L. R. A. (Fla.) 251, and cases in note; *Fite* v. *State ex rel. Snider,* 1 L. R. A., N. S. (Tenn.) 526, and cases in note; *Laird* v. *Sims,* L. R. A. 1915, F (Ariz.) 519, and cases in note; *People* v. *Joyce,* 246 Ill. 124; *State* v. *Duff,* 144 Iowa, 142; *Ware* v. *Sanders,* 124 N. W. Repr. (Iowa) 1081, 1086; *State* v. *Kirby,* 51 So. Repr. (Miss.) 811; *People ex rel. Abrams* v. *Fox,* 77 App. Div. 245; *People* v. *Adams,* 176 N. Y. 351; *People* v. *Madden,* 120 App. Div. 338.

The relator must seek the benefit of the statute as provided by the Prison Law, and hence the writ must be dismissed.

**Writ dismissed.**