In the Matter of the Application of CHARLES RYAN (True Name CHARLES MURTHA), Petitioner, for a Mandamus Order against LEWIS E. LAWES, as Warden of Sing Sing Prison, and Others, Respondents.*

Supreme Court, Westchester County, November 29, 1934.

*William Peyton Marin*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [David Copans* and *Caleb Candee Brown* of counsel], for the respondents.

CLOSE, J.   This is an application for a peremptory order of mandamus directing the respondents comprising the prison board of Sing Sing Prison (Correction Law, § 236) to forthwith meet and determine the amount of commutation and compensation that they shall recommend to be allowed to the petitioner and to forward a report to the Governor of the State to the effect that the petitioner is a prisoner entitled to be released at once because of commutation and compensation earned by him.   The controversy involves the

---

* See, also, *Matter of O' Neil* v. *Thayer* (154 Misc. 333).

construction to be placed upon section 230 of the Correction Law.* The petitioner was sentenced on the 25th day of October, 1929, to a definite term of ten years. Under section 230 of the Correction Law, subdivision 4, as it was then in force, he was entitled to earn, under certain conditions, a commutation or diminution of his sentence not to exceed five days for each month of his sentence. In 1931 section 230 was amended (Laws of 1931, chap. 348) so as to allow him to earn two and one-half days of compensation each month. In 1934, by chapter 731 of the Laws of 1934, this section was further amended to provide that every person received in a State prison before July 1, 1932, under either a definite or indeterminate sentence, may earn compensation not to exceed ten days for each month of his minimum term in the case of an indeterminate sentence or on the term as imposed by the court in the case of a definite sentence. This section further provides that the compensation shall be deducted from the term as imposed by the court, less jail time allowance. It has been the practice in the Correction Department to credit the prisoner with his entire commutation at the beginning of his term and to thus fix the termination of his sentence in the case of a definite sentence at a definite date. This date would, of course, be extended if by his conduct the prisoner lost the time deducted or a part of it as the case might be. The petitioner insists that the same rule should be followed as to his compensation. This would result in deducting fifteen days from each month of his sentence and would result in maintaining the petitioner's position that he is now entitled to be certified for parole. The respondents insist that there is a distinction between time granted as commutation and that granted as compensation. I am of the opinion that the words are used interchangeably. The right to commutation is determinable by subdivision 4 of section 230 of the Correction Law, as amended by chapter 736 of the Laws of 1926. This section reads in part as follows: " Every prisoner * * * under a definite sentence may earn for himself by good conduct * * * a commutation or diminution of his sentence not to exceed five days for each month of such sentence." By chapter 731 of the Laws of 1934, subdivision 4, paragraph 6, of the same section was amended to provide that " Every prisoner received in a state prison * * * may earn compensation not to exceed ten days for each month of his minimum term * * * or on the term as imposed by the court in case of a definite sentence." The language used is certainly almost identical with the language used in reference to commutation. That it was the intention of the Legislature to use the words interchangeably is further supported by an examination of sections 233

* See Laws of 1935, chap. 902.

and 236 of the Correction Law. Section 233 provides that the warden or superintendent, as the case may be, shall forward to the Governor through the Department of Correction a report of any prisoner whose term may be diminished and who may be released the following month " by reason of the commutation of his or her sentence, or on account of compensation earned." This section further provides as follows: " In all cases the report shall show the amount of commutation and compensation recommended, and the date of the expiration of the term and, in case of prisoners not subject to the jurisdiction of the parole board, the date when he may be released, if such commutation or compensation, or either, be allowed." Section 236, in providing for the determination of commutation and compensation, says: " They [*i. e.*, the prison board] shall have full discretion to recommend the withholding of the allowance of commutation for good conduct, or compensation * * * as a punishment." Section 236 further provides: " Compensation credited to a prisoner in the first instance, in his account, by the warden, as provided in section two hundred and thirty, shall stand as the compensation allowed, unless withheld wholly or partly by the board as a punishment." The respondents contend that the petitioner's time should be computed as follows: Sentence, ten years; jail time, one month, ten days; less jail time, nine years, ten months, twenty days; commutation, one year, seven months, twenty-three days; term, less commutation, eight years, two months, twenty-seven days; compensation, two years, eight months, twenty-nine days; term, less commutation and compensation, five years, five months, twenty-eight days. It will thus be seen that the respondents allow the petitioner compensation upon that portion of his ten-year sentence left after deducting jail time and commutation. It seems to me that this method is not the method provided for in section 230 of the Correction Law. The Legislature directed that " in the case of a definite sentence prisoner, said compensation shall be deducted from the term imposed by the court, less jail time allowance." The sentence imposed by the court was ten years. Jail time allowance was one month and ten days. It follows that the petitioner was entitled to have his compensation computed upon the same term as the respondents compute his commutation. I realize that this results in a diminution of approximately one-half of the prison term as imposed by the court but only if the prisoner has so deported himself as to earn both commutation and compensation. The hands of prison officials are immeasurably strengthened by the reward given for good behavior. If too much leniency results, relief must be sought from the Legislature. Motion is granted as indicated.

Settle order on notice.