In the Matter of the Application of WALTER O'NEIL, Alias WALTER KELLY, Petitioner, for a Peremptory Order of Mandamus against Commissioner WALTER N. THAYER, JR., and the Duly Constituted Authorities of the Department of Correction of the State of New York, and Others, Respondents.

Supreme Court, Albany County, January, 1935.

*Walter O' Neil,* in person.

*John J. Bennett, Jr., Attorney-General [Caleb Candee Brown* of counsel], for the respondents.

STALEY, J. The petitioner herein was sentenced by the Court of General Sessions of the City of New York on April 15, 1926, for a term of twenty years. He was received in a State prison under such sentence April 16, 1926. Prior to his sentence he was confined in jail for twenty-five days.

The papers in this proceeding, although not drafted with the technique of legal formality, seek in substance and effect a determination of the amount of commutation and compensation to which the petitioner may be entitled, and a mandamus order compelling the recognition of such commutation and compensation upon his term of imprisonment, and directing the warden to report such commutation and compensation through the Department of Correction to the Governor, with the date of the expiration of his term and that he be discharged forthwith from the unauthorized restraint now in force.

Subdivision 3 of section 230 of the Prison Law, as amended by chapter 358 of the Laws of 1916, and as amended by chapter 243 of the Laws of 1929, provides in substance that every person received in a State prison under a definite sentence may earn for himself by good conduct a commutation or diminution of a sentence as follows: Not to exceed two and one-half days for each month of a period less than a year; not to exceed one month each for the first three years; not to exceed two months each for the fourth, fifth and sixth years; not to exceed three months each

for the seventh, eighth and ninth years; not to exceed four months each for the tenth, eleventh and twelfth years; not to exceed five months each for the thirteenth, fourteenth and fifteenth years; not to exceed six months each for the sixteenth, seventeenth and eighteenth years; not to exceed seven months each for any subsequent year.

This section further provides that any such prisoner " may also earn in each period of thirty days, counting from the day when his or her imprisonment began, * * * as compensation for efficient and willing performance of duties assigned to him or her, not to exceed ten days in such thirty day period in which the duties assigned are performed in the manner specified."

Section 232 of the Correction Law provides in effect that commutation and compensation shall begin on the date of actual incarceration in a State prison.

Section 230 of the Correction Law,* formerly Prison Law, has been amended at various times. Subdivision 3 was amended by chapter 508 of the Laws of 1923, but no change in the allowance for commutation and compensation was made by said amendment.

By chapter 736 of the Laws of 1926 former subdivision 4 of this section was renumbered to be subdivision 5, and a new subdivision to be designated as subdivision 4 was enacted therein.

This new subdivision provided for commutations of prisoners received in a State prison after July 1, 1926.

Section 230 of the Correction Law was further amended by chapter 243 of the Laws of 1929, but no change was made therein as to the allowances for commutation and compensation for any prisoner received in a State prison between May 1, 1916, and April 1, 1926, under a definite sentence. Subdivision 4 of section 230 was further amended by chapter 348 of the Laws of 1931 in relation to allowances for commutation and compensation for prisoners received after July 1, 1931, and also for prisoners received after July 1, 1926. This amendment specifically provided that " a prisoner received prior to the first day of July, nineteen hundred twenty-six, or for a crime committed before that date, shall continue to receive the amount of commutation and compensation as provided prior to the enactment of this amendment and *no more*."

Subdivision 4 of section 230 of the Correction Law was further amended by chapter 601 of the Laws of 1932, and the above provision as to prisoners received prior to July 1, 1926, was re-enacted. This same subdivision of section 230 of the Correction Law was again amended by chapter 731 of the Laws of 1934, in relation to allowances on sentences of prisoners received after July 1, 1926, and also for prisoners received after July 1, 1932.

* See Laws of 1935, chap. 902.

The provision in relation to allowance for commutation and compensation for prisoners received prior to July 1, 1926, was again re-enacted.

It was provided in this 1934 amendment that " in the case of a definite sentence prisoner, said compensation shall be deducted from the term as imposed by the court, less jail time allowance." The question that is raised upon this application relates to the issue as to whether prisoners received prior to July 1, 1926, may have compensation allowed on the basis of the term imposed by the court or allowed as originally provided in section 3 of chapter 230 of the Prison Law as enacted by chapter 358 of the Laws of 1916, that is, in addition to the commutations provided therein by the sliding scale, an additional compensation of time " for efficient and willing performance of duties assigned to him or her, not to exceed ten days in any such thirty day period in which the duties assigned are performed in the manner specified."

The provision that " in the case of a definite sentence prisoner, *said compensation* shall be deducted from the term as imposed by the court, less jail time allowance," as contained in subdivision 4 of section 230 of the Correction Law by the amendment of 1934, has reference only to the compensation provided for the classes of prisoners included within said subdivision 4. It has no reference to the compensation provided for in subdivision 3 of the section and no reference or control over the compensation granted therein to prisoners received prior to July 1, 1926.

The various amendments to the law have consistently maintained, so far as prisoners received prior to July 1, 1926, that such prisoners shall receive the amount of commutation and compensation as provided prior to the amendments of the section and no more.

The commutations for such prisoners are provided for by the sliding scale and the compensations are allowances in every thirty days' period of service for efficient and willing performance of duties. Obviously such compensation must be earned during the period of service remaining after the deduction of jail sentence and the commutations credited according to the sliding scale, and such compensations must be earned in every thirty days' period of actual service. The provision that compensation shall be deducted from the term as imposed by the court as enacted by the amendment of subdivision 4 of section 230 in 1934, is inconsistent with the basis and requirement upon which it is granted to prisoners received prior to July 1, 1926. The provision relating to such prisoners requires an earning of the compensation by satisfactory performance of duties within every thirty days actually

served. As to such prisoners compensation follows satisfactory performance of duties for every thirty days actually served and is not accorded to the time allowed by the sliding scale of commutations. (*People ex rel. Roache* v. *Carter*, 181 App. Div. 833; *People ex rel. McDonald* v. *Carter*, 103 Misc. 596.)

The allowance of commutation and compensation to prisoners received subsequent to July 1, 1926, or who committed crimes subsequent to that date, has been placed upon a different basis by the amendments to section 230 of the Correction Law, and as to such class of prisoners the allowance of compensation may well be held to be in the nature of a commutation. Such was the holding by Mr. Justice CLOSE in *Ryan* v. *Lawes* (154 Misc. 572). It may seem difficult to understand why the Legislature provided one basis for prisoners received prior to July 1, 1926, and another basis for prisoners received subsequent thereto, but the fact that the allowances granted vary with the class of prisoners, does not justify the court in disregarding the clear requirement of the law as now existing in relation to prisoners in the class prior to July 1, 1926.

The relator herein was received at prison April 16, 1926. At that time he had a credit of jail service of twenty-five days and he entered prison with a service requirement of nineteen years, eleven months and five days. By commutations allowed on the sliding scale under subdivision 3 of section 230, this sentence was reduced six years, four months and fifteen days, leaving a period of service, subject to reduction by compensation, of thirteen years, six months and twenty days. Assuming that the relator has earned the compensation allowed, and there is no denial as to his right thereto, on January 16, 1935, he would have earned compensation of two years, two months and fifteen days. He would have actually served from April 16, 1926, to January 16, 1935, eight years and nine months, making a total of term service and compensation allowances of ten years, eleven months and fifteen days at the time of this application against a requirement of service of thirteen years, six months and twenty days.

On June 5, 1936, if full compensation is allowed to the relator, he will then be entitled to a credit of three years and five months for compensation; he will then have actually served ten years one month and twenty days, and his compensation and term service will then amount to thirteen years, six months and twenty days, the time required after the reduction of the commutation allowances under the sliding scale and jail service to grant his release.

I do not consider or attempt to decide upon the facts before me in this case, the power of the court to grant a mandamus order

directing the forwarding to the Governor through the Department of Correction the report provided for by section 233 of the Correction Law and the release of a prisoner thereon in the absence of proof presented as to the allowances for compensation earned, as the same have been awarded by the board provided for by section 236 of the Correction Law.

Order may be entered denying the application herein, without costs.