THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES FREDERICK WILSON, Relator, *v.* JOSEPH H. BROPHY, as Warden of Auburn State Prison, Auburn, New York, Respondent.

County Court, Cayuga County, August 13, 1935.

Relator, in person, and by *T. Joseph Coffey*, as counsel.

*John J. Bennett, Attorney-General* [*Edward T. Boyle, Deputy Attorney-General*], for the respondent.

UNDERWOOD, J. The relator seeks release from imprisonment under a sentence imposed on December 4, 1929, after a plea of guilty under an indictment charging unlawful escape while confined in prison. Following the plea, the district attorney filed an information under the provisions of section 1942 of the Penal Law, charging defendant with four prior convictions of felony. Defendant admitted these convictions, after the warning and advice required by statute. Judgment of imprisonment for life completed the proceedings.

On March 28, 1932, the Legislature (Laws of 1932, chap. 479) enacted section 1699 of the Penal Law, which provides as follows:

" A person convicted of felony as defined by any provision of this article is punishable by imprisonment for not less than one year nor more than seven years and the provisions of sections nineteen hundred forty-one and nineteen hundred forty-two of this chapter shall not apply to such a conviction."

The article under which this section is found is numbered 162 and deals with prison and prisoners, communications with prisoners, rescues, escapes and concealments. Section 1694 makes felonious any escape from prison while held under a conviction for felony. The relator does not question the validity of the sentence, as imposed.

But relator now claims that he is illegally held and that he has been illegally held since March 28, 1932. He argues that the new section, 1699, is retroactive and that it has made void the sentence which was legal when imposed. He has cited *People ex rel. Gabriel* v. *Warden* (109 Misc. 248); *Hollenbach* v. *Born* (206 App. Div. 533) and *Hartung* v. *People* (22 N. Y. 95). He also has submitted an opinion of the Attorney-General of the State, found at page 313 of the latter's report for the year 1932. This opinion merely deals with a question of sentence, holding that section 1699 is retroactive in that it required that a sentence imposed for unlawful escape must be based on the law as it stands at time of sentence, (after March 28, 1932) even though the crime had been committed prior to that date. In the *Gabriel* case the court held that the statute under consideration (Laws of 1919, chap. 410), providing for calculating a term of imprisonment, though in form amending section 2193 of the Penal Law, was entirely new and, as it affected no vested rights, that it would, in the interests of justice and plain language, be regarded as retroactive in operation and applicable to all convicts. The general rule that a statute will not be construed as retroactive unless its language, expressly or by implication, requires such a construction, was held not to apply there. However, the decision in no way required that a sentence, legal when imposed,

be considered as void. The convict was favored in that he was credited with all time served in jail, prior to conviction and sentence, but the term of imprisonment imposed was not altered. Relator, in the instant case, asks a decision which would change and reduce the actual term of the sentence, a far more drastic result than that reached under the *Gabriel* decision. The other cases cited do not warrant such a finding.

I cannot read into section 1699 any legislative intent that existing and legal sentences should be disturbed. The section, by its terms, took effect immediately. From that day, one convicted of felonious escape became subject to a sentence of not more than seven years. The words " such a conviction " relate to and qualify the " conviction " referred to in the earlier portion of the section. They do not extend the exemption to sentences of earlier imposition.

In my opinion the new section, 1699, expressed the intention of the Legislature that all who are sentenced after March 28, 1932, for felonious escape shall receive no more than seven years imprisonment. For that reason the Legislature has expressly provided that increased punishment shall not be given.

In conclusion, common sense would require a dismissal of the writ. Our courts daily pass upon, deal with and dispose of cases involving men accused and convicted of serious crimes. Sentences are imposed with due regard for the present legality thereof. Legislation which alters or changes such sentences must clearly set forth the manner in which the change shall be accomplished. Section 1699 provides no machinery, by way of resentencing or otherwise, by which some authority shall effect the change. If an injustice has been done in respect to men already convicted, the Legislature could and should have remedied the matter by express legislation. Failure to have done so leaves matters where they are. It may be that an application for executive clemency would receive favorable consideration in this and similar cases.

· The writ is dismissed and the relator is remanded to the custody of the warden, respondent.