In the Matter of the Application of WALTER O'NEIL, alias WALTER
KELLY, Appellant, for a Peremptory Order of Mandamus to
Compel Commissioner WALTER N. THAYER, JR., and Others
to Show Cause Why They Have Not Complied with the Laws of
the People of the State of New York in a Matter Involving an
Act of Legislation, Amending the Construction of Section 230 of
the Correction Law, Respondents.*

Third Department, September 18, 1935.

*Robert J. Fitzsimmons* [*James P. Casey* of counsel], for the
appellant.

*John J. Bennett, Jr., Attorney-General* [*Caleb Candee Brown, Jr.,
Assistant Attorney-General*, of counsel], for the respondents.

* Affg. 154 Misc. 333.

RHODES, J. Petitioner seeks by mandamus to compel respondents to certify his name to the Governor as eligible for an allowance of commutation and compensation under section 230 of the Correction Law (former Prison Law, renamed by chapter 243, Laws of 1929). He claims that he has served more than the time required by law, if such commutation and compensation, correctly computed are granted him by the Governor.

Upon the argument before us the parties requested a determination upon the merits, and waived any question as to the form of the proceeding.

On April 15, 1926, upon a plea of guilty, he was convicted of robbery in the first degree in the Court of General Sessions, New York county; a sentence of twenty years was imposed, and he was received in prison April 16, 1926, being then entitled to twenty-five days' jail time.

By subdivision 3 of section 230 of the Prison Law, in effect at the time of his reception in prison, petitioner was entitled to earn by good conduct a commutation or diminution of a sentence, the amount thereof increasing with each year of his incarceration.

The parties do not dispute that the total of this commutation would be six years, four months and fifteen days, leaving a minimum term of service after crediting petitioner with twenty-five days' jail time, of thirteen years, six months and twenty days, subject to further possible reduction by compensation to be earned for the efficient and willing performance of duties assigned to him.

The question presented involves the computation of such compensation, there being no denial of his right thereto.

The statute has been amended several times. (See Laws of 1923, chap. 508; Laws of 1926, chap. 736; Laws of 1929, chap. 243; Laws of 1931, chaps. 348 and 458; Laws of 1932, chaps. 297, 300 and 601; Laws of 1934, chap. 731; Laws of 1935, chap. 902.)

In the view here taken of the interpretation of the statute, it is deemed unnecessary to discuss these amendments in detail.

In particular it may be noted that by section 16 of chapter 902 of the Laws of 1935 it is provided that the provisions of that act shall not be retroactive.

At the time petitioner was received in prison the statute defined, and as amended still defines, compensation as " time allowed in reduction of sentence on account of efficient and willing performance of duties assigned." (Prison Law, § 249; Correction Law, § 249.)

By said subdivision 3 of section 230, petitioner was entitled to earn as such compensation not to exceed ten days after each period of thirty days of actual service, counting from the day when his imprisonment began.

By chapter 731 of the Laws of 1934, amending subdivision 4 of section 230, it is provided, among other things, that " *Every person* received in a state prison or penitentiary before July first, nineteen hundred thirty-two, under either a definite or indeterminate sentence, may earn compensation not to exceed ten days *for each month* \* \* \* *on the term as imposed by the court* in case of a definite sentence."

Petitioner claims that this language is general and applicable to him; that the method of computation is changed, in that the compensation is not to be computed after every thirty days well served, but at the rate of ten days *for each month* on the term as imposed by the court. The same chapter, however, provides that " A prisoner received prior to the first of July, nineteen hundred twenty-six, or for a crime committed before that date, shall continue to receive the amount of commutation and compensation as provided prior to the enactment of this amendment and *no more.*"

This provision must be given effect, otherwise there is no reason for its inclusion in the section. If every prisoner was to receive the benefit of the new method of computation, why did the Legislature take pains to provide that as to prisoners received prior to July 1, 1926, they should continue to receive the amount of commutation and compensation as provided prior to the amendment, " *and no more?*"

If the above provision relied upon by petitioner is general in its scope and applicable to all prisoners irrespective of the time of the commission of the crime or the date of reception into prison, then the other provisions of section 230 relative to particular classes of prisoners are meaningless and unnecessary. The Legislature, however, has been careful to make such specific provision for separate groups and to differentiate between them.

Under petitioner's theory it is asserted that the amount of compensation which he is entitled to earn is to be computed upon the entire term, less jail time, *i. e.*, nineteen years, eleven months and twenty-five days. The fallacy of this argument becomes apparent when it is considered that the compensation is by the statute to be allowed only after it is earned. Basing compensation upon the full term imposed would allow the prisoner fictitious earnings of compensation, because computed in part upon time elapsing after his discharge from prison, and manifestly not earned after a thirty-day period of actual service. This is contrary to the letter and intent of the statute, which contemplates such allowance after good conduct and willing service rendered while actually within the prison. (See *People ex rel. Roache* v. *Carter*, 181 App. Div. 833.)

This conclusion is supported by the language of subdivision 4 of section 230 of the Prison Law, which provided that " An account shall be kept in suitable books by the agent and warden with each convict entitled to earn compensation under the provisions of this section, *and at the end of each thirty-day period* the agent and warden shall credit the convict with *time earned* as such compensation *within such period* and shall enter the same in such account."

This provision is continued in substantially the same form by the amendments to the law, except in its present form the credit is to be made by the warden at the end of each " month " instead of at the end of each " thirty day period." (Correction Law, § 230, subd. 5.)

Lastly, petitioner insists, paraphrasing the language of the brief of his counsel, that under the said amendment of 1934, his compensation should not have been figured at the rate of ten days for and after each thirty days served, but rather, that it should have been figured at a rate not to exceed ten days *in* every thirty days. As already pointed out, this contention is seemingly unsound.

The respondents and the court below followed the correct formula in determining petitioner's compensation. That formula is substantially as follows: After every period of thirty days of efficient and willing service, the prisoner is to be credited with not exceeding ten days' compensation; having thus actually served thirty days he is deemed to have served forty days and each such forty-day period contains ten days of compensation which he might earn; his minimum term of service (thirteen years, six months and twenty days) is divided by forty; the resulting periods of compensation multiplied by ten give the maximum number of days of compensation which he is entitled to earn.

Under petitioner's formula, the said minimum term of service would be divided by thirty to ascertain the total number of periods of compensation. The effect of such method would be to allow him ten days' compensation for every twenty days of actual service. This is not in consonance with the statute, and is not permissible.

Figuring petitioner's compensation by the proper formula, it follows that his term of service will not expire until the year 1936.

It appearing that he is not entitled to the relief sought, the order should be affirmed, without costs.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Order affirmed, without costs.