In the Matter of ROY COOPER, Appellant, against LEE B. MAILLER, as Chairman of the Board of Parole of the State of New York, and THOMAS J. McHUGH, Commissioner, Department of Correction, Respondents.

Third Department, March 21, 1956.

*Roy Cooper,* appellant in person.

*Jacob K. Javits, Attorney-General (James O. Moore, Jr., Joseph H. Murphy, Paul C. Reuss* and *Manuel T. Murcia* of counsel), for respondents.

HALPERN, J. The petitioner was convicted of robbery in the first degree on December 3, 1935, and, on December 24, 1935, he was sentenced as a second felony offender to imprisonment for a definite term of thirty-five years, five years of the term being imposed for committing the crime of robbery while armed.

Under section 2125 of the Penal Law, as amended by chapter 275 of the Laws of 1932, the crime of robbery in the first degree is punishable by imprisonment for " an indeterminate term the minimum of which shall be not less than ten years and the maximum of which shall not be more than thirty years".

Under section 1941 of the Penal Law as it read at the time of the petitioner's conviction (§ 1941 as amd. by L. 1926, ch. 457), a person who had been previously convicted of a felony and who committed another felony was punishable by a definite term of imprisonment " not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction ". The definite term to which the appellant was sentenced was imposed under this statute.

Subsequently, the Legislature enacted chapter 540 of the Laws of 1941, adding subdivision 2 to section 1945 of the Penal

Law, in order to mitigate the severity of sentences which had been imposed under the pre-existing statutes, upon persons who had been convicted as second or third offenders, of the crime of burglary in the first degree or robbery in the first degree or an attempt to commit either of those crimes. Under subdivision 2 of section 1945, as amended by chapter 726 of the Laws of 1945, a prisoner who had been sentenced to life imprisonment upon such a conviction, might be released on parole " as though his or her sentence had been for an indeterminate term the minimum of which was twenty years, provided, however, that no such prisoner shall be considered eligible for parole nor shall he or she be released on parole on said sentence until he or she shall have served at least thirteen years and four months in a state prison on said sentence ".

By chapter 230 of the Laws of 1948, subdivision 2 of section 1945 was amended again so as to make it applicable not only to prisoners who had been sentenced to prison for life but also to prisoners who had been sentenced " for a definite term of less than natural life ". Such prisoners were declared to be eligible to be released on parole as though the sentence had been " for an indeterminate term the minimum of which was twenty years and the maximum of which was the same as the term of the sentence originally imposed ", subject to the proviso quoted above. However, under the terms of this amendment, the mitigating provision was limited in its application to prisoners who had been convicted of burglary or robbery in the first degree and sentenced under the statutes as they existed prior to 1932. It did not apply to prisoners who had been sentenced for a definite term as second or third offenders in 1932 and thereafter under the statutes dealing with burglary and robbery as amended that year.

That class of prisoners was dealt with by the Legislature in 1955. By chapter 480 of the Laws of 1955, the benefit of subdivision 2 of section 1945 was extended to prisoners who had been sentenced for a definite term as second or third offenders under the statutes as amended in 1932.

The petitioner-appellant concededly comes within this category and it is conceded that he is to be treated as if his sentence had been for an indeterminate term, the minimum of which was twenty years and the maximum of which was thirty-five years (the term of the sentence originally imposed). A controversy has arisen however, between the petitioner-appellant and the Department of Correction, as to the interpretation of the proviso that no prisoner shall be eligible for parole under the mitigating statute until he shall have served " at least thirteen years and

four months in a state prison ''. The petitioner-appellant has concededly served more than thirteen years and four months under the sentence, but of this time he served one year, nine months and three days in jail awaiting trial and sentence. It is the contention of the Department of Correction that, under a literal reading of the proviso, the jail time should not be taken into account in determining whether the prisoner had served the minimum time specified in the proviso. This contention is made, notwithstanding the fact that section 2193 of the Penal Law provides that '' Any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and be calculated as a part of the term of the sentence imposed upon him, whether such sentence is an indeterminate one or for a definite period of time; and such time shall, in addition to the discretionary reduction allowed under the provisions of the correction law, be deducted from the term of the sentence so imposed ''.

It seems to us that the Department of Correction's reading of the statute is a much too restricted one and does not give due weight to section 2193 which is *in pari materia* with the statute here under consideration. The words '' state prison '' were not used in the proviso for the purpose of excluding credit for jail time in computing the time served by the prisoner. The words were simply a form of verbal expression, appropriately used in relation to a sentence for a felony. A sentence to imprisonment for a felony must necessarily be a sentence to a State prison (Penal Law, §§ 2, 2183) but, under section 2193 of the Penal Law, time spent in jail awaiting trial or sentence is to be treated as part of the term of the sentence ultimately imposed. The mere use of the words '' state prison '' in the proviso in subdivision 2 of section 1945 does not justify an inference that the Legislature intended to render section 2193 inapplicable to the proviso.

The term of thirteen years and four months was selected in the drafting of the proviso for the obvious reason that it represented two thirds of the term of twenty years which was specified as the minimum of the indeterminate term to be substituted for the original definite term. In recommending the amendment to section 1945, the Law Revision Commission stated that the minimum of the indeterminate term should be twenty years, '' subject to the discretionary reduction provided by Article 9 of the Correction Law '' (1945 Report of N. Y. Law Revision Commission, p. 218). Chapter 726 of the Laws of 1945

was adopted pursuant to that recommendation. Concededly, prisoners coming within subdivision 2 of section 1945, are entitled to the benefit of the provision for discretionary reduction of sentence under section 230 of the Correction Law. The Correction Law section specifically refers to the deduction of the jail time allowance before computing the discretionary reduction of sentence. Subdivision 3 of section 230 of the Correction Law reads in part: "reduction shall be computed upon the term of the sentence as imposed by the court, less jail time allowance, and in the case of an indeterminate sentence prisoner said reduction shall be computed upon the minimum term of such sentence, less jail time allowance ".

There was no need for any proviso in subdivision 2 of section 1945 in order to make section 230 of the Correction Law applicable to the minimum term of the indeterminate sentence substituted by the statute for the former definite sentence; prisoners entitled to the benefit of subdivision 2 of section 1945 would have been entitled, without any express reference, to a discretionary reduction of one third of their sentences. However, under earlier forms of section 230 of the Correction Law, prisoners could earn as much as six months out of each year as a reduction of their sentences. "As to one category — prisoners received between July 1, 1926 and June 30, 1931 under definite sentences — the combination of allowances amounts to a reduction of six months for each year " (1947 Report of N. Y. Law Revision Commission, p. 85; see, also, *Matter of Ryan* v. *Lawes,* 154 Misc. 572, and *People ex rel. Hammond* v. *Martin,* 261 App. Div. 648). The Legislature contemplated the possibility that there might be some prisoners covered by the mitigating provision of section 1945 who had started to serve their terms when the earlier forms of section 230 of the Correction Law were in force and, as to those prisoners, the Legislature sought to make it clear by the proviso that they were not to be given a reduction of more than one third and that they were to be required to serve not less than two thirds of the twenty-year minimum term.

It is thus apparent that the proviso was designed to deal with the question of the extent of the permissible discretionary reduction of sentence and not with the question of the place where the sentence was to be served. We recently had before us a case involving another statute which used the term "state prison " and we there held, reading the statute in the light of the legislative purpose, that the term should be construed to refer to the nature of the sentence rather than to the place of incar-

ceration (*Matter of Kenny* v. *Loos*, 286 App. Div. 97; see, also, *People ex rel. Johnson* v. *Martin*, 283 App. Div. 478, affd. 307 N. Y. 713). The same reasoning is applicable here.

The Special Term did not reach the merits of the proceeding but dismissed the petition upon the ground that the proceeding should have been brought against the prison board rather than the Commissioner of Correction. It is true that the prison board determines whether the prisoner is entitled to the discretionary reduction under section 230 of the Correction Law and thus determines the eligibility of the prisoner for consideration by the Parole Board. But the controversy in this case does not relate to the exercise of discretion with respect to the reduction of sentence; it relates solely to the determination of the base upon which the reduction is to be computed. Calculations of this kind are within the province of the Commissioner of Correction. As a matter of fact, it appears from the petition in this case that the chief clerk of the prison had included the petitioner's name in a list of prisoners eligible for parole but had been advised by the Commissioner of Correction that the name should be stricken from the list, upon the basis of the commissioner's construction of the statute. This proceeding may properly be entertained as a proceeding against the Commissioner of Correction to review his calculation of the petitioner's sentence.

The order appealed from should be reversed on the law and an order should be entered directing that, in the determination of whether the petitioner had complied with the proviso contained in subdivision 2 of section 1945 of the Penal Law, the petitioner should be given credit for jail time under section 2193 of the Penal Law, without costs.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Order appealed from reversed, on the law, and an order entered directing that, in the determination of whether the petitioner had complied with the proviso contained in subdivision 2 of section 1945 of the Penal Law, the petitioner be given credit for jail time under section 2193 of the Penal Law, without costs.