Morris E. Spector, J.
On this writ of habeas corpus the relator claims he is being illegally held in jail because of the failure of the authorities to give him credit for 300 days ‘ ‘ good time ” which he earned in jail and which was credited to his account. If he is entitled to that allowance, the writ should be granted; if not, it should be dismissed.
We are concerned here with section 230 of the Correction Law, which provides:
“ (2) Every prisoner confined in a state prison * * * may * * * receive, for good conduct and efficient and willing performance of duties assigned, a reduction of his sentence not to exceed ten days for each month of the minimum term in the case of an indeterminate sentence.
“ (3) and in the case of an indeterminate sentence prisoner said reduction shall be computed upon the minimum sentence, less jail time allowance ”,
It is contended here that the reduction should be computed on the minimum sentence and applied to the maximum in reduction thereof. The petitioner cites People ex rel. Corpolongo v. Donovan (N. Y. L. J., Jan. 8, 1960, p. 13, col. 5) where the factual situation was similar to the matter here, and the writ was sustained. He relies heavily, however, on People ex rel. *442 Vanilla v. Denno (7 N Y 2d 29). That was a case which was concerned with a definite sentence, and sustained a writ on the ground that the relator was entitled to the 1 ‘ good time ’ ’ he had earned. In that case Judge Fuld, speaking for the court, stated at pages 33-34: “In the Roache case (181 App. Div. 833, supra), decided in 1918, the court recognized that the convict was to be unconditionally discharged on the date when the time actually served plus ‘ the compensatory days ’ equaled the term imposed (p. 835): 2 Where, then ’, asked the court, ‘ is the question? Is it not plain that, if the convict is allowed ten days in every thirty, the time will come when his days actually served, with the compensatory days, will equal the limit of his service? ’ ” It is noted that the Roadie case was concerned with an indeterminate sentence.
Prior to the Vanilla case there had been decisions construing section 230 of the Correction Law which held that good conduct time when granted on an indeterminate sentence affected only the minimum period, and the effect was not to shorten the sentence but merely to accelerate the time when the prisoner would be eligible for parole (People ex rel. Williams v. Jackson, 5 A D 2d 922; People ex rel. Mason v. Brophy, 235 App. Div. 432; Matter of Pizza v. Lyons, 278 App. Div. 65, affd. 303 N. Y. 736; People ex rel. Trinker v. Denno, 156 N. Y. S. 2d 235). In the study of the Law Revision Commission which recommended the amendment of this section in 1948, the same language is used (1948 Report of N. Y. Law Rev. Comm., p. 549).
However, the petitioner contends that the words ‘ ‘ reduction in sentence ” in the statute means just that and that nowhere is it indicated that all an indeterminate sentence prisoner is entitled to is an earlier appearance before the Parole Board.
Since 1817 there have been statutes providing that prisoners may earn reductions in sentence by good behavior and efficient and willing performance of duties assigned. These various statutes have referred to such time off by the terms: commutation, compensation, diminution or reduction. Accordingly, the 1935 Law Revision Commission in its study and report at page 503 recommended that: “ Perhaps the merged functions might be described by the word ‘ compensation ’ or simply by the words ‘ reduction ’ or ‘diminution’.” The same body noted that because of the feeling in 1903 that commutation was not appropriate in indeterminate sentences, it had been abolished, and quoted from People ex rel. Schali v. Reyo (181 N. Y. 425, 431 [1905]): “In the light of experience it is obvious that ‘ commutation ’ is inherently and logically as inapplicable to indeterminate sentences as ‘ parole ’ is to definite sentences.” *443 In this connection, it is noted that there was a period when no time off could be earned by a prisoner sentenced to an indeterminate term. Therefore it is entirely logical that in amending the section to include indeterminate sentences, the only remedy afforded such prisoners was to allow them the opportunity of earning an earlier appearance before the Parole Board by good conduct and efficient and willing performance of duties, and such was the intent of the Legislature by its amendment and the use of the word “ reduction ” (Seehan v. Silberglitt, N. Y. L. J., July 31, 1959, p. 3, col. 3).
Accordingly, as the statement in the Vanilla case appears to have been dicta, as was the quoted portion in that opinion of the Roache case, the court believes that it was not the intention of the Court of Appeals to reverse the decisions heretofore made with regard to indeterminate sentences. Accordingly the writ is dismissed and the prisoner remanded.