John M. Keane, J.
By a petition verified December 1, 1969, the defendant seeks credit of 194 days (for the period August 1, 1956 to February 10,1957 inclusive) spent in the Monroe County jail to apply on a sentence imposed by this court on June 17, *208 1957 following Ms trial and conviction in Broome County. Since the facts are essential, they will be set forth briefly.
On August 1, 1956 defendant was arrested in Monroe County. On August 2, 1956 a warrant was filed in the Sheriff’s office of Monroe County from Broome County against the defendant. Subsequently on September 27, 1956 defendant was indicted for the crime of sodomy in the second degree in Monroe County. He remained in the Monroe County jail until a trial of the charge, which ended in a verdict of acquittal on February 8, 1957. By virtue of the detainer warrant from Broome County, defendant was then brought to the Broome County jail on February 11, 1957.
In Broome County the defendant was charged with the crime of sodomy in the second degree and convicted after a trial. Since defendant was a second felony offender, a sentence of not less than 10 years and not more than 20 years was imposed on June 17,1957, with ‘ ‘ credit to be given for time already served in jail on present charge. ’ ’ (Emphasis supplied.)
No question is raised concerning credit for time spent in the Broome County jail prior to sentence. It is defendant’s contention that he was held 194 days in Monroe County because of the detainer warrant from Broome County.
This is the second application which defendant has made to this court for the same relief. By a petition verified February 14, 1963, defendant sought credit for 184 days (so in petition) spent in Monroe County jail against the sentence imposed by this court. His application was denied on May 12, 1964 by the late Honorable John D. O’Loughlin, acting as County Judge. Ordinarily this would dispose of the matter since courts should not be required to pass on an identical question more than once.
Bather than relying solely on the prior determination, this court realizes that a new Penal Law became effective September 1,1967. In particular, section 70.30 replaced provisions formerly contained in section 2193 of the old Penal Law. An examination of the commentary to section 70.30 indicates that the question of credit for time spent in jail has been resolved in the new Penal Law. Had the events recited above occurred subsequent to September 1,1967, it seems clear to this court that defendant would be entitled to credit for the time spent in Monroe County jail.
However, this court believes that, section 70.30 specifically has no retroactive effect. Particularly, section 5.05 of the new Penal Law recites that the new act applies to sentencing as well as to the date of the crime. Therefore, defendant would not be entitled to the enlarged benefits of the new act.
*209 Defendant relies primarily upon People ex rel. Gabriel v. Warden (109 Misc. 248), which involved a construction of the effect of section 2193 enacted earlier that year as chapter 410 of the Laws of 1919. The court found that the provisions of section 2193 could be applied retroactively since there was no specific prohibition against such an application. This situation does not exist here because the new Penal Law, in section 5.05, specifically states that it will not apply to events occurring prior to its enactment. Defendant’s confidence in the decision of People ex rel. Gabriel v. Warden is misplaced because the new Penal Law contains language relating to an effective date that was missing in chapter 410 of the Laws of 1919 which was being interpreted by that court.
Defendant also mentions People v. Nagler (21 A D 2d 490), where apprehension was made in Paris, France. In that case, credit was given from the time of apprehension up to the time of sentence. However, in that case, the apprehension was for the same charge that resulted in the sentence. In the present case, defendant was held in Monroe County jail on an indictment in Monroe County. Even though there was a detainer warrant filed from Broome County, it is the determination of this court that the underlying charge on which defendant was held in Monroe County for 194 days was the charge in Monroe County which eventually was tried there.
While the Legislature has granted relief in the new Penal Law in a situation such as the defendant finds himself, this court has no jurisdiction to infringe upon the authority of the Legislature and grant to the defendant benefits which did not exist at the time of his sentence. It is unfortunate that the time spent on the charge which resulted in an acquittal cannot be applied to the second charge for which a detainer warrant was filed and which resulted in a sentence. However, until September 1, 1967, the Legislature did not see fit in the particular situation experienced by the defendant to give credit for time spent in jail on one charge resulting in acquittal against a subsequent charge for which a detainer warrant was filed and which resulted in a conviction.
Therefore, the present application of the defendant for credit of 194 days spent in Monroe County jail against the sentence of this court made on June 17, 1957 must be denied.