535 P.2d 1346
STATE of New Mexico, Plaintiff-
Appellee,
v.
Joseph Benjamin BACA, Defendant-
Appellant.
No. 1692.

Court of Appeals of New Mexico,
May 7, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Gerald H. Chakerian, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Morton A. Resnick, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant does not complain of his burglary conviction; his complaint is directed to his sentence. The trial court sentenced defendant to a term of not less than one nor more than five years in the penitentiary "with credit for all pre-sentence confinement to be taken off the long end of said sentence." Defendant asserts the trial court has no authority to refuse to credit presentence confinement against his minimum sentence. We agree.

The fixing of penalties is a legislative function. State v. Hovey, (Ct.App.) 534 P.2d 777, 1975. Section 40A-29-25, N.M.S.A. 1953 (2d Repl. Vol. 6) states:

"A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense."

The State contends that § 40A-29-25, supra, should be read as giving the sentencing judge discretion as to how presentence confinement should be credited. That is not how the statute reads. The statute provides that presentence confinement time is to be credited "against any sentence finally imposed for that offense."

"Any sentence" includes the minimum as well as the maximum sentence. See Cooper v. Mailler, 1 A.D.2d 279, 149 N.Y.S.2d 761 (1956); N.M. Att'y Gen. Op. No. 73–66, September 11, 1973; compare State v. La Badie, (Ct.App.), 534 P.2d 483, 1975.

■ The Legislature having provided that presentence confinement under § 40A–29–25, supra, is to be credited against "any sentence", the trial court had no authority to limit presentence confinement to the maximum sentence. The judgment is unauthorized to the extent it has the effect of providing that presentence confinement time is not to be credited against the minimum sentence.

Oral argument in this case is unnecessary; the oral argument setting is vacated. The burglary conviction is affirmed. The cause is remanded with instructions to vacate the present sentence and impose a new sentence consistent with this opinion.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.