THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGG SHAW, Defendant-Appellant.

(No. 74-154; )

Second District (2nd Division)—August 27, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Gregg Shaw, was indicted by the Lake County grand jury for armed robbery. Pursuant to plea negotiations, defendant plead guilty to robbery and was sentenced to 1 to 8 years in prison. Defendant argues on appeal that the mandatory parole term provided by the Unified Code of Corrections is unconstitutional, that he was not properly admonished under Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) in that he was not advised of the mandatory parole term and of his right to plead not guilty or persist in his prior plea of not guilty, and that he is entitled to have his prison sentence credited with time spent in the county jail prior to his sentencing.

■■ Defendant will not be allowed to assert on appeal the unconstitutionality of the mandatory parole term provided for in section 5—8—1(e) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)). Defendant did not allege unconstitutionality below. "[A] nonjurisdictional question which has not been properly presented in the trial court and preserved for review will not be considered on appeal." *People v. Amerman,* 50 Ill.2d 196, 197.

■■ There was no reversible error in failing to advise defendant of the mandatory parole term which would go along with his sentence. *People*

*v. Krantz*, 58 Ill.2d 187, stated that substantial compliance with Rule 402 did not require that a defendant be informed of the mandatory parole term. *People v. Wills*, 61 Ill.2d 105, reconsidered that position and held that substantial compliance with Rule 402 did require that the defendant be admonished as to the mandatory parole term. However, in a supplemental opinion upon denial of a petition for rehearing in *Wills*, the court said that the requirement that a defendant be admonished as to the mandatory parole term applies only prospectively to guilty pleas taken after May 19, 1975. The plea in the instant case was taken on January 21, 1974.

■■ Defendant's claim that he was not informed of his right under Rule 402(a)(3) to plead not guilty or persist in his plea of not guilty is without merit. At the guilty plea hearing the following colloquy took place:

"The Court: * * *

You understand you would have a right to have this matter tried to a jury of 12 people or, if you wish to waive a jury, to the Court, or if you wish to stand mute, you have a right to stand mute and say nothing and the Court will enter a plea of not guilty and that in any event, the fact finder, the jury or the Court would have to make a determination of the evidence. If a jury unanimously finds you guilty beyond a reasonable doubt of the offense that is charged, you have a right to confront the witnesses, to cross-examine the witnesses, to hear their testimony, in open court.

If you plead guilty, you effectively waive all of those rights by admitting the charge.

You understand that?

The Defendant: Yes.

The Court: Once they have been waived there is no way they can come back again.

The Defendant: Yes."

The above-quoted admonitions clearly indicated to defendant that he had a right to plead not guilty. He was told of his right to a jury or bench trial, his right to stand mute, that if he stood mute a plea of not guilty would be entered for him, that the factfinder would have to find him guilty beyond a reasonable doubt based on the evidence, and that a guilty plea waived these rights. Rule 402 requires substantial compliance and it is clear that there was substantial compliance with Rule 402(a)(3) in the instant case. (See *People v. Krouse*, 7 Ill.App.3d 754.) Also, defendant, represented by counsel, makes no claim that his plea was involuntary or that he did not know that he had a right to plead not guilty. He does not claim harm or prejudice because of the trial court's allegedly insufficient admonitions. In such a case, the judgment of conviction on

558

the guilty plea will not be reversed. See *People v. Dudley*, 58 Ill.2d 57. ■■ Defendant, as the State concedes, is entitled to be credited with time spent in custody as a result of his offense prior to being sentenced. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—7(b).) For that reason, we are remanding this case to the Circuit Court of Lake County to determine the credit to which defendant is entitled.

For the foregoing reasons the judgment of the Circuit Court of Lake County is affirmed and remanded with directions.

Judgment affirmed and cause remanded with directions.

RECHENMACHER, P. J., and T. MORAN, J., concur.