571 P.2d 275

**STATE of Arizona, Appellee,**

v.

**Jeffrey WIRTANEN, Appellant.**

**No. 3997–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 2, 1977.

Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy County Atty., Tucson, for appellee.

Robert A. Hershey, Tucson, for appellant.

HAYS, Justice.

On September 24, 1976, the appellant, Jeffrey Wirtanen, was convicted by a jury of conspiracy to commit armed robbery and attempted armed robbery. Imposition of sentence was suspended, and appellant was given five years probation. One condition of probation was the requirement that he serve a year in the Pima County Jail. A timely motion for a new trial was filed and denied. A timely notice of appeal was filed, and the Court of Appeals affirmed the trial court's judgments and sentences. A petition for review was filed, bringing the cause under the jurisdiction of the Supreme Court, pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 31.19. The opinion of the Court of Appeals, 117 Ariz. 140, 571 P.2d 286 (1977), is vacated.

On April 19, 1976, appellant was given a ride in a car driven by Elliott Gurnstein. Robert Craft was also in this car. Appellant rode with the other two men to Broadway and Alvernon Streets in Tucson. He then left the car and Craft and Gurnstein drove on. When appellant returned home, he was arrested by Tucson police officers on a charge of conspiracy to commit attempted armed robbery.

Apparently after Wirtanen left the car, Craft and Gurnstein drove to a private home and attempted to rob the homeowners at gunpoint. However, since Gurnstein was an informant working for the police, officers were waiting at the home, and Craft was arrested when he knocked on the front door, armed with a rifle.

At appellant's trial, after the prosecutor and defense counsel had made their opening statements, defense counsel moved *in limine* to exclude reference to appellant's purpose in going to the Doubletree Inn, at Broadway and Alvernon in Tucson, and his actions at the Doubletree after leaving Gurnstein's car on the night of the robbery. The trial court granted this motion subject to the state's right to renew its request to introduce the testimony in rebuttal if the testimony should become material.

When appellant took the stand in his own behalf, the state, over the repeated objections of defense counsel, cross-examined appellant regarding his activities at the Doubletree Inn.

Q. Where were you going?

A. I was going to Broadway and Alvernon.

Q. What for?

MR. ALBERT: Objection.

THE COURT: Overruled, you may answer.

A. (By the witness) I was going to the Doubletree Inn.

MR. LINGEMAN:

Q. What for?

MR. ALBERT: Objection.

THE COURT: Overruled.

A. (By the witness) I had a couple of passkeys and I was going—on Friday they wouldn't accept my plasma at the blood bank, they tested my plasma, and I did not have any money, and I hadn't eaten since—maybe Friday morning. And I was going to the Doubletree Inn to attempt to go into a room and see if I could find anything. I had two keys, two different rooms at the Doubletree. I went up on the second level where these keys were—the keys to these rooms were at. And on getting to the second level I found sitting outside a door several plastic room service trays with the—the people had—you know, just picked out at the food and just set them back outside to be moved. One tray was not even touched, and I ate the hamburger and the french fries on that tray. I ate a couple other hamburgers that had been half eaten, or whatever, and then I left and went back to Broadway and Alvernon and hitchhiked back to South 4th.

The issue presented is whether the evidence of appellant's acts and contemplated crimes at the Doubletree was properly admitted. The well-established rule of law is that evidence of crimes other than the crime for which the accused is presently on trial usually is not admissible. *See State v. Tostado*, 111 Ariz. 98, 523 P.2d 795 (1974), and cases cited therein.

A review of cases in Arizona indicates clearly that the improper admission of evidence of other crimes or bad acts mandates reversal of the conviction. *State v. Gallagher*, 97 Ariz. 1, 396 P.2d 241 (1964); *State v. Gortarez*, 96 Ariz. 206, 393 P.2d 670 (1964); *State v. Byrd*, 62 Ariz. 24, 152 P.2d 669 (1944).

While admitting that the general rule is that evidence of other crimes or bad acts is inadmissible, the state argues that several exceptions to the general rule are applicable in this case. We do not agree.

The state contends that remarks of defense counsel in the opening statement justified admitting the evidence of the other bad acts to rebut counsel's statement that appellant left Gurnstein's car because he wished to have nothing to do with the planned armed robbery. No transcript of the opening statements was included in the record sent up with the appeal; therefore, we cannot consider this argument. Since the trial judge granted the motion to exclude the evidence of the other bad acts after the opening statements had been made, we presume that the trial judge found nothing in defense counsel's opening statement which justified admitting the evidence. Without a record of the opening statement to review, we must presume that the trial judge was correct in this determination.

The state proposes that evidence of the acts or intended acts was necessary to rebut the claim that appellant had withdrawn from the conspiracy or to rebut the contention that appellant intended to be dissociated from the attempted armed robbery. We do not agree that the evidence as to activity at the Doubletree sought by the state rebutted or was relevant to rebut the claim of withdrawal or dissociation.

The state urges that the objectionable evidence was admissible under the "complete story" exception. However, the jury would still have all the relevant evidence necessary to determine appellant's guilt or innocence without the evidence of appellant's acts and contemplated acts at the Doubletree. Appellant's purpose for going to the Doubletree and his actions there are completely unrelated to the attempted armed robbery and the conspiracy to commit the robbery. We find the evidence to be inadmissible under the "complete story" exception.

The state suggests that the evidence relating to the Doubletree was admissible to prove appellant's intent or motive. We cannot see any relationship between the appellant's acts at the Doubletree or his purpose for going there and the crimes with which he was charged. The evidence is not admissible under the "motive" or "intent" exception.

The state argues that the appellant "invited" the erroneous admission of the evidence and therefore cannot complain about this error on appeal. It is the state's position that the appellant voluntarily testified about his acts and intentions at the Doubletree and thus "invited" the error. Our review of the record convinces us that appellant did not voluntarily give this testimony.

When the prosecutor's cross-examination moved into evidence relating to appellant's going to the Doubletree, appellant heard the court repeatedly overrule his counsel's objections. Responsive, nonevasive answers to the prosecutor's questions required appellant to divulge his purpose in going to the Doubletree and his actions there. Under the circumstances, appellant must have thought that the court was ordering him to give such testimony. Thus, we believe that appellant's introduction of the objectionable evidence was involuntary.

The facts of this case do not fit any of the exceptions to the rule of law that makes evidence of other bad acts or crimes inadmissible. Therefore, the judgments of the trial court are reversed, and the case is remanded for a new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.