620 P.2d 224

The STATE of Arizona, Appellee,

v.

Ralph Bracamonte TORRES, Appellant.

No. 2 CA–CR 2020.

Court of Appeals of Arizona, Division 2.

Oct. 24, 1980.

Rehearings Denied Nov. 25, Dec. 23, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Jack Roberts, Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, Ralph Bracamonte Torres, was convicted of aggravated assault involving infliction of serious physical injury, unlawful imprisonment with a dangerous weapon

and endangerment. He was sentenced to five years on the aggravated assault charge, 1.5 years for unlawful imprisonment and time served on the endangerment charge, sentences to run concurrently.

Prior to trial, appellant moved in limine to preclude Dr. Allen Beigel, the psychiatrist who examined him, from testifying as to certain statements made by appellant to Dr. Beigel in the course of that examination. The trial court granted the motion and ruled that Dr. Beigel not be permitted to testify concerning appellant's statements that he was intoxicated during the incident, and directed the prosecutor to inform the psychiatrist accordingly.

At trial, defense counsel asked Dr. Beigel the following question on cross examination:

"Q. Now, there is some testimony that Mr. Torres was not intoxicated at the time of the offense; and in that regard, then, isn't it true that the fact that his abilities were compromised and would be due to something else?

A. My conclusion that his abilities were compromised were based upon my medical judgment that he was in fact intoxicated. *That judgment was reached based upon Mr. Torres' own statements to me as well as statements contained in the police reports which I received.*" (Emphasis added)

Appellant immediately moved for a mistrial and requested that the emphasized portion of the testimony be stricken. The trial court denied the motion. Appellant contends that the court committed reversible error when it denied his motion. We hold that it did not and affirm.

At trial Dr. Beigel testified on direct examination, without objection, to the following:

"Q. Now, in regard to your examination of Mr. Torres, was that–how was that conducted?

A. Mr. Torres came to my office at the Southern Arizona Mental Health Center on both occasions, and we talked. I asked him questions. He volunteered information very clearly and coherently to my

questions. He was most cooperative. And that was essentially the way the examination was conducted on both occasions. No paper and pencil tests of any kind were given to him. No other physical examinations were performed on my part.

Q. Now, in addition to whatever Mr. Torres told you, did you also have some police reports and other documents relating to this case?

A. Yes.

\* \* \* \* \* \*

Q. All right. Based upon that information you received, as well as your interviews with Mr. Torres, and your educational background and your line of work and so forth, were you able to form an opinion as to whether or not Mr. Torres on May 27, 1979 was suffering from a mental disease, namely acute alcoholic intoxication.

A. According to the diagnostic classification which psychiatry uses Mr. Torres was on that date suffering from a mental disease namely acute alcoholic intoxication."

■ There is essentially no difference between the latter testimony and that claimed to be inadmissible by appellant. The fact that Dr. Beigel stated that he based his conclusions upon statements made to him by appellant is not equivalent to testifying to the content of those statements. At no time during trial did Dr. Beigel state that appellant told him that he was drunk. Rule 11.7(b)(1) of the Arizona Rules of Criminal Procedure, 17 A.R.S., is not violated when a psychiatrist testifies generally as to the basis of his professional opinion. Cf., *State v. Curry*, 127 Ariz. 1, 617 P.2d 785 (1980) (rule is violated where psychiatrist testified that the reason he concluded that defendant knew the difference between right and wrong is that defendant said that he did.)

■ Assuming arguendo that Dr. Beigel's testimony did violate the rule, the error would be harmless in view of the fact that the evidence was merely cumulative. *State*

*v. Ramirez,* 116 Ariz. 259, 569 P.2d 201 (1977); *State v. Freeman,* 114 Ariz. 32, 559 P.2d 152 (1976); *State v. Magby,* 113 Ariz. 345, 554 P.2d 1272 (1976). Appellant's own testimony was that from the time he left work until the next morning he had about two and a half to three six packs and two to three good sized, mixed drinks. In addition, his sister testified that he would have to drink approximately two six packs to become drunk.

Appellant's second contention is that the court erred in denying his motion for mistrial when the victim blurted out on direct examination that appellant had assaulted her in the past. The following testimony occurred at trial:

"Q. (By prosecutor): Prior or before you actually got the divorce or actually filed for the divorce, had you and Mr. Ralph Torres ever discussed the issue of divorce?

A. I wasn't really allowed to mention divorce to him. After an assault in March I went on my own to a lawyer and had the papers drawn up at that time . . ."

■ Appellant claims that this unsolicited reference to a prior bad act should not have been admitted. Generally, evidence of crimes other than those for which the defendant is on trial is not admissible. See *State v. Wirtanen,* 117 Ariz. 129, 571 P.2d 275 (1977). However, as our Supreme Court stated in *State v. Skaggs,* 120 Ariz. 467, 586 P.2d 1279 (1978):

"(T)hese rules do not apply when defendant raises the issue of insanity. Since he is permitted to disclose his personal history and is not restricted to any particular acts or conduct for the purpose of showing he was insane, the state may also explore the same area and present evidence not disclosed by the defendant which may be relevant to prove the defendant's sanity. Thus, previous conduct involving prior bad acts when the issue of insanity is raised by the defendant is admissible." (citations omitted) 586 P.2d at 1282–83.

■ The record establishes that the defense of insanity was raised by the trial court on voir dire, without objection by defense counsel, as well as by questions submitted by defense counsel on voir dire. In her opening statement, defense counsel stated that evidence would be presented on the issue of whether appellant was responsible for the acts he committed and alluded to pressures which he had to bear which were "gnawing away at him until he finally broke and couldn't take them anymore." The trial court ruled that the defense of insanity had been raised in the opening statement and denied a mistrial. We agree.

■ Appellant's third claim that application of the enhancement statute by virtue of the dangerous nature allegation is unconstitutional fails in light of our recent holding in *State v. Bly,* 127 Ariz. 374, 621 P.2d 283 (App.1980). See, *State v. Rodriguez,* 125 Ariz. 319, 609 P.2d 589 (App.1980).

Appellant's final contention that the trial court erred in failing to give him credit for the 34 days he spent in custody prior to and after the verdict of guilty was rendered is also without merit. The trial court sentenced him to time served on the endangerment conviction, thereby giving him credit for the 34 days.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.