626 P.2d 145

The STATE of Arizona, Appellee,

v.

James Merl WILLIAMS, Appellant.

Nos. 2 CA–CR 2123, 2 CA–CR 2124–2.

Court of Appeals of Arizona, Division 2.

Feb. 11, 1981.

Rehearing Denied March 11, 1981.

**416**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

Sevrin J. Huselid, Globe, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Pursuant to a plea agreement, appellant pled guilty to unlawful possession of marijuana and aggravated assault. The agreement provided for dismissal of two other felony charges and a DWI charge. The parties also agreed "that any incarceration shall date from the time of the hearing on the change of plea in this matter."

Appellant was sentenced to concurrent terms of imprisonment for 1.5 years, the presumptive term for each offense, commencing June 9, 1980, the date he pled guilty. He contends that the trial court failed to give him credit against his sentences for all pre-sentence jail time.

A.R.S. Sec. 13–709(B) provides:

"All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense *shall* be credited against the term of imprisonment otherwise provided for by this chapter." (Emphasis added)

■ A statute such as A.R.S. Sec. 13–709(B), providing for pre-sentence confinement credit, is mandatory, and the sentencing court has no discretion in the matter. *State v. Baca,* 87 N.M. 495, 535 P.2d 1346 (App.1975); *State v. Babcock,* 226 Kan. 356, 597 P.2d 1117 (1979); *Murphy v. State,* 592 P.2d 935 (Mont.1979); *People v. Shaw,* 31 Ill.App.3d 555, 334 N.E.2d 844 (1975); *Brown v. State,* 262 Ind. 629, 322 N.E.2d 708 (1975); *Noble v. State,* 132 Ga.App. 755, 209 S.E.2d 30 (1974); *State v. Rogers,* 324 So.2d 403 (La.1975).

■ The state maintains that appellant has waived the benefit of the statute by entering into the plea agreement which provided for commencement of sentence on the date of the change of plea hearing. Assuming, arguendo, that the statute can be waived, the record discloses nothing from which it can be inferred that appellant knew of his statutory right to credit and intentionally relinquished it. The state's argument that such waiver was bargained for is based on conjecture and we cannot infer a waiver from a silent record.

■ It appears that appellant was in jail from March 31, 1980, until June 30, 1980, when he was sentenced. He was therefore entitled to credit for this period. However, he is not entitled to credit on *each* sentence for this period. *Miller v. State,* 297 So.2d 36 (Fla.App.1974). The aggravated assault offense occurred while appellant was awaiting disposition of the unlawful possession of marijuana charge. When credit is given on the sentence for the latter, the jail time allowance to which appellant is entitled is exhausted.

The sentence for unlawful possession of marijuana is modified by changing its commencement date to March 31, 1980. The sentence for aggravated assault is affirmed.

HOWARD, J., concurs.