646 P.2d 884

STATE of Arizona, Appellee,

v.

Charles David WALLIS, Appellant.

No. 1 CA–CR 5109.

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 2, 1982.

Rehearing Denied March 15, 1982.

Review Granted April 6, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Gary A. Fadell, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

ROSENBLATT, Judge.

This is an appeal from the sentences imposed after the defendant, Charles David Wallis, pled guilty to two counts of armed robbery under A.R.S. §§ 13–1902, 1904. After accepting the defendant's plea agreement, which provided that a third count would be dropped, the court sentenced Wallis to concurrent presumptive terms of 15.75 years on each of the two remaining charges.

The facts important to a resolution of this matter are undisputed. Wallis had been serving sentences for prior convictions of forgery, grand theft and burglary when he escaped from a "halfway house" where he was living while participating in a work release program. A hold for felony escape was issued and Wallis performed the robberies for which he now stands convicted during the time he was at large. Wallis was apprehended during the course of the third armed robbery and has remained in custody continuously from then until now. At sentencing for the armed robbery convictions, the trial judge refused to grant credit to Wallis for the time which he spent in presentence custody. The trial court said that since Wallis was also being held for his escape and prior convictions, he was not in custody solely for the offenses being sentenced. The judge concluded that the 130

days Wallis spent in presentence custody actually went toward satisfaction of the prior convictions and were not therefore properly assessable as credit against the new prison terms under A.R.S. § 13–709(B). We disagree.

Sentencing matters are well within the trial court's discretion. If the sentence imposed is within the prescribed statutory limits it will be upheld, absent a clear abuse of discretion. *State v. Herro*, 120 Ariz. 604, 587 P.2d 1181 (1978); *State v. Stanley*, 123 Ariz. 95, 597 P.2d 998 (App.1979). Our statutes make provision, in addition to presumptive sentencing terms, for mandatory credit against a sentence for time actually spent in presentence custody. *See State v. Williams*, 128 Ariz. 415, 626 P.2d 145 (App. 1981). A.R.S. § 13–709(B) is clear in that regard:

> All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.[1]

Unless countervailing considerations exist, it follows that for a sentence to fully come within statutory limits it must be adjusted to reflect time spent in presentence incarceration.

The trial court has ruled that credit for the 130 days which Wallis spent in presentence custody should not be granted because he should have been incarcerated during that time period anyway due to his escape and prior convictions. These 130 days, held the trial court, counted toward satisfaction of the defendant's original prison term. However, A.R.S. § 13–709(D) defines and restricts those situations in which time spent in presentence custody may be credited against an escapee's prior conviction:

> If a person serving a sentence of imprisonment escapes from custody, the escape interrupts the sentence. The interruption continues until the person is apprehended and confined for the escape or is confined and subject to a detainer for the escape. Time spent in actual custody prior to return under this subsection shall be credited against the term authorized by law if custody rested on an arrest or surrender for the escape itself, or if the custody arose from an arrest on another charge which culminated in a dismissal or an acquittal, and the person was denied admission to bail pending disposition of that charge because of a warrant lodged against such person arising from the escape.

Where statutory language is clear and unambiguous, it must be afforded its obvious meaning and full weight. *Balestrieri v. Hartford Accident & Indemnity Insurance Co.*, 112 Ariz. 160, 540 P.2d 126 (1975). Under A.R.S. § 13–709(B), time spent in presentence custody can be credited against an escapee's prior sentence in only two situations: 1) if the custody resulted from an arrest or surrender for the escape itself, or 2) if the custody arose from an arrest on another charge which was later dismissed or from which the defendant was acquitted. Neither qualification is satisfied in this case. Wallis was not arrested for his escape, but while attempting an armed robbery. Moreover, the robbery charges led to the defendant's conviction, not a dismissal or acquittal. Thus, it is clear that the statutory framework will not allow the defendant's presentence custody to be credited against his prior term, contrary to the trial judge's ruling. In order to therefore effectuate the mandate of A.R.S. § 13–709(B) that credit be granted for presentence incarceration, the only remaining avenue is to credit the 130 days against the armed robbery convictions.

The State contends that Wallis must have demonstrated *on the record* that he was not credited the 130 days against his prior sentences in order to receive credit on the armed robbery convictions. However, the case they cite as authority says only

---

1. Prior to original passage of this section in 1977, Laws 1977, Ch. 142, § 57, credit for presentence custody was left within the discretion of the trial judge. *See State v. Kennedy*, 106 Ariz. 190, 472 P.2d 59 (1970); *State v. Sanchez*, 19 Ariz.App. 253, 506 P.2d 644 (1973).

that the defendant's counsel has a duty to supply the appellate court with all portions of the record to which exception is taken. Where certain issues are raised, but supportive portions of the record on appeal have been left out, the missing portions of the record will be presumed to support the action of the trial court. *See State v. Bojorquez*, 111 Ariz. 549, 535 P.2d 6 (1975). In this case, it is clear there has been compliance with the *Bojorquez* rule. The portion of the record from which the defendant appeals, denial of the 130 day credit, is well documented in the transcripts of both the plea and sentencing proceedings which are before this court.

 Since we have concluded that credit must be granted to Wallis for his presentence incarceration, we must now consider whether or not the 130 days worth of credit may be applied against each of the defendant's concurrent terms for armed robbery. Division Two of this court has consistently held that once credit is granted against one of several concurrent terms, the credit is exhausted and A.R.S. § 13–709(B) is satisfied. *See State v. Williams*, 128 Ariz. 415, 626 P.2d 145 (App.1981); *State v. Torres*, 127 Ariz. 309, 620 P.2d 224 (App.1980). We disagree with Division Two's view, and order application of the 130 day credit against both concurrent 15.75 year terms. To do otherwise would be to grant the defendant an illusory victory, forcing him to serve the full presumptive sentence while professing to grant him credit. The defendant spent 130 days in custody pursuant to both of the robberies, not just one of them. However, we are in no way to be construed as granting Wallis double credit (i.e., 260 days). Our holding is simply that the 130 day credit shall be uniformly applied against both concurrent prison terms, as mandated by A.R.S. § 13–709(B).

In accordance with this opinion, the defendant's sentences are modified to grant credit for 130 days' presentence incarceration. A.R.S. § 13–4037. The sentences as so modified are affirmed.

JACOBSON, P. J., and WREN, C. J., concur.

NOTE: The Honorable PAUL G. ROSENBLATT, Yavapai County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 3.