646 P.2d 876
STATE of Arizona, Appellee,

v.

Charles David WALLIS, Appellant.

No. 5538–PR.

Supreme Court of Arizona,
In Banc.

April 30, 1982.

Rehearing Denied June 15, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

We granted this petition for review to resolve a conflict between Division One and Division Two of the Court of Appeals regarding the application of A.R.S. § 13–709(B) & (D) to presentence incarceration. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 31.19, Arizona Rules of Criminal Procedure, 17 A.R.S.

We must answer two questions:

1. When an escapee is arrested on another (new) charge, may he be given presentence incarceration credit on the (old) sentence he was serving at the time of the escape?

2. May presentence incarceration credit be applied to more than one sentence?

The facts are not in dispute. At the time he was arrested, defendant, Charles David Wallis, was an escapee from a halfway house where he had been living while participating in a work release program. While an escapee, he committed three armed robberies. He was arrested during the last robbery and pled guilty in a plea agreement to two counts of armed robbery under former A.R.S. §§ 13–1902 and 13–1904. At the time of sentencing, he had been in jail 130 days and the judge stated:

"It is further ordered that the sentences will date from today.

"The Court will not give you credit for the time that you spent in the County Jail, since that time was time for which you were incarcerated for a prior offense for which you are still serving time in the Department of Corrections. * * * "

It would appear that the trial judge concluded that the 130 days that Wallis spent in presentence custody went to the satisfaction of the prior or old sentence and not to the new sentences.

■ On appeal, the Court of Appeals, Division One, held that, pursuant to statute, the defendant was entitled to credit for presentence incarceration in the amount of 130 days against the new sentences, but not against the old sentence which he was serving when he escaped. In other words, the full 130 days of presentence incarceration was to be credited to each of the two new crimes but not to the sentence he was serving when he escaped. The Court of Appeals stated:

"* * * [I]t is clear that the statutory framework will not allow the defendant's presentence custody to be credited against his prior term, contrary to the trial judge's ruling. In order to therefore effectuate the mandate of A.R.S. § 13–709(B) that credit be granted for presentence incarceration, the only remaining avenue is to credit the 130 days against the armed robbery convictions." *State v. Wallis,* 132 Ariz. 453, 454, 646 P.2d 884, 885 (App.1982).

The Court of Appeals, Division One, recognized that in applying credit to both crimes to which the defendant pled guilty it was deciding contrary to the decisions of Division Two of the Court of Appeals which had previously held that once credit is granted against one of several concurrent terms, the credit is exhausted. See *State v. Williams,* 128 Ariz. 415, 626 P.2d 145 (App. 1981); *State v. Torres,* 127 Ariz. 309, 620 P.2d 224 (App.1980). We granted the petition for review to settle the conflict between the two divisions of the Court of Appeals.

CREDIT ON THE PREVIOUS
SENTENCE FROM WHICH
DEFENDANT ESCAPED

A.R.S. § 13–709(B) provides:

"B. All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter."

A.R.S. § 13–709(D) defines and restricts those situations in which the time spent may be credited against an escapee's prior conviction:

"D. If a person serving a sentence of imprisonment escapes from custody, the escape interrupts the sentence. The interruption continues until the person is apprehended and confined for the escape or is confined and subject to a detainer for the escape. Time spent in actual custody prior to return under this subsection shall be credited against the term authorized by law if custody rested on an arrest or surrender for the escape itself, or if the custody arose from an arrest on another charge which culminated in a dismissal or an acquittal, and the person was denied admission to bail pending disposition of that charge because of a warrant lodged against such person arising from the escape."

■ This statute assures that the defendant will be credited with the time spent in presentence incarceration and directs that if convicted of the new crime, the time will be applied to the new sentence. If not convicted or the case is dismissed, the credit is applied to the old sentence. In other words, if the defendant is rearrested and confined for the escape or subject to a detainer for the escape, he must be given credit for that time against the old sentence. If, however, he was taken into custody on a new charge and is convicted of that charge, he will be given credit for presentence incarceration on the new sentence. He will be given credit for presentence incarceration on the old sentence only if he is acquitted on the new charge or it is dismissed. In the instant case, Division One was correct in hold-

ing that the defendant should have been given credit on the new offense when he was arrested and convicted of the new offense.

## APPLICABILITY TO MORE THAN ONE SENTENCE

■ Division One, however, indicated in their opinion that the credit for time spent in presentence confinement was to be applied to both convictions. This is contrary to the interpretation of Division Two, as the decision of Division One admitted, which has held in *State v. Williams*, supra, and *State v. Torres*, supra, that once credit for presentence incarceration is given to one of several concurrent terms, the credit is exhausted and A.R.S. § 13–709(B) is satisfied. We agree with Division Two:

> " * * * The aggravated assault offense occurred while appellant was awaiting disposition of the unlawful possession of marijuana charge. When credit is given on the sentence for the latter, the jail time allowance to which appellant is entitled is exhausted." *State v. Williams*, supra, 128 Ariz. at 416, 626 P.2d at 146.

We hold that, pursuant to statute, presentence incarceration time may be applied only once, and once applied, may not be applied again. How this will be applied in the case of multiple convictions is up to the sentencing judge. In the instant case, for example, the trial court could have given the defendant credit for the 130 days presentence incarceration to one count of robbery but not to both. The court could have also divided the presentence incarceration between the two robbery sentences, for example, 65 days credit for each of the two convictions. In no event, however, may the credit for presentence incarceration be applied twice.

Opinion of the Court of Appeals, Division One, vacated, and the matter remanded to the trial court for resentencing pursuant to this opinion.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.