681 P.2d 387

**STATE of Arizona, Appellee,**

v.

**Michael C. DE PASSQUALLO, a/k/a Michael Cary Bennefeld, Appellant.**

**No. 1 CA–CR 6331.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 2, 1983.

Rehearing Denied Nov. 1, 1983.

Review Granted Dec. 6, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

OPINION

CONTRERAS, Judge.

The issues presented are whether the trial court correctly applied credit for pre-sentence incarceration to appellant's sentence and whether appellant's plea of guilty was voluntary. For the following reasons, we find that credit for presentence incarceration was properly applied and that the plea was voluntary.

## FACTUAL BACKGROUND

On August 18, 1981, an indictment was filed in the Maricopa County Superior Court charging appellant with seven counts of fraudulent schemes and artifices and five counts of theft. On September 10, 1981, the United States District Court for the District of North Dakota sentenced appellant to a term of one year and one day for making a false bank entry with the intent to defraud. Appellant was sent to the federal correctional facility in Seago-ville, Texas, where he was to serve his federal sentence from October 1, 1981, to July 18, 1982. Appellant was told by the federal sentencing judge that he would be eligible for parole in 120 days.

On October 13, 1981, the federal correctional facility received the Arizona notice of detainer. Because of this detainer, appellant was not eligible to apply for furlough-type activities, such as educational or work-release programs.

On January 26, 1982, Arizona authorities took appellant into custody and returned him to Arizona. By then, appellant had earned 24 days of good time credits, which moved his federal release date to June 28, 1982. On June 28, 1982, while incarcerated in Arizona, appellant posted bond and was released from custody. Appellant received credit against his federal sentence for all time spent in Arizona custody dating from January 26 to June 28, 1982.

On May 28, 1982, appellant entered into a plea agreement on the Arizona charges wherein he agreed to plead guilty to Counts IV and VI, fraudulent schemes and artifices, class two nondangerous felonies,

and Count XII, theft, a class three nondangerous felony. The agreement provided that appellant would receive the presumptive sentence of seven years on Counts IV and VI and five years on Count XII. The plea agreement was silent on the amount of presentence incarceration credit appellant would receive against the sentence. At the change of plea hearing, appellant stated there were no agreements or promises other than those set out in the plea agreement.

On July 7, 1982, the trial court sentenced appellant to terms of seven years on Counts IV and VI and five years on Count XII, to run concurrently. The trial court gave appellant credit for 153 days, from January 26 to June 28, 1982, applied against Count XII only. Appellant timely appealed from the sentence imposed. This court has jurisdiction pursuant to Ariz.Rev. Stat.Ann. §§ 12–120.21(A)(1), 13–4031 and –4033.

## THE TRIAL COURT WAS CORRECT IN NOT GIVING CREDIT FOR FEDERAL INCARCERATION

■ Appellant first contends that he should have been given presentence incarceration credit against his Arizona sentences for the period from October 13, 1981 —the date upon which federal authorities received the Arizona detainer—to January 26, 1982—the date upon which Arizona authorities took appellant into custody—because he was in custody "pursuant" to the Arizona offense. We disagree. A.R.S. § 13–709(B) provides that appellant is entitled to receive credit for presentence incarceration as follows:

All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

Appellant argues that he was in custody "pursuant" to the Arizona offense because, as a result of the detainer placed on him, he was denied parole and work furlough. This argument is without merit. First, ap-

pellant testified that he was not eligible for parole for 120 days, which would have made his parole eligibility date January 28, 1982. Since Arizona took appellant into custody on January 26, 1982, it was at a time when he was ineligible for parole on the federal conviction (and appellant received credit from that date toward both the Arizona offense and the federal offense) there is no basis for appellant's argument that he was denied parole because of the detainer.

Second, there is no support in the record for appellant's assertion that he was denied work furlough because of the Arizona detainer. At best, the record shows that he was denied the *opportunity* to be considered for a work furlough program because of the detainer. There is no evidence to support the theory that if he had been eligible to apply that he would have been granted work furlough but for the detainer. Therefore, appellant's argument is merely speculative and will not support a finding that he would have been able to satisfy the conditions for work furlough if the Arizona hold were not placed on him.

Therefore, in the present case, the time period in question (October 13, 1981, to January 26, 1982) was spent in custody "pursuant" to appellant's federal conviction and not the Arizona offense. *State v. Horrisberger*, 133 Ariz. 569, 653 P.2d 26 (App.1982).

■ Appellant next contends that it was error for the trial court to credit only one count of his sentence. We disagree.

In *State v. Wallis*, 132 Ariz. 445, 646 P.2d 876 (1982), the Arizona Supreme Court specified the alternatives available to the trial court in applying credit for presentence incarceration to a sentence. The court stated:

We hold that, pursuant to statute, presentence incarceration time may be applied only once, and once applied, may not be applied again. How this will be applied in the case of multiple convictions is up to the sentencing judge. In the instant case, for example, the trial court could have given the defendant credit for

... presentence incarceration to one count of robbery but not to both. The court could have also divided the presentence incarceration between the two robbery sentences.... In no event, however, may the credit for presentence incarceration be applied twice.

*Id.* at 447, 646 P.2d at 878.

■ In the present case, the trial court adhered exactly to the dictates of *State v. Wallis* in applying the 153 days' presentence credit to one count, but not all three. For the trial court to have given appellant presentence incarceration credit against all three counts, as appellant urges, would have been directly contrary to *Wallis*. It is clear that the total days' credit could have been split among the counts but it is equally clear that the trial court has total discretion in fashioning the manner in which credit is to be applied.

■ Appellant also raises the argument that it is error to apply *Wallis* because to do so would constitute a retroactive application of law. We disagree. The general rule is that when there is a change of law by judicial decision between the time of trial and the time of appellate disposition, the appellate court is correct in applying the law prevailing at the time of appellate disposition. *State v. LeMaster*, 137 Ariz. 159, 669 P.2d 592 (Ariz.App., 1983); *Arnold v. Knettle*, 10 Ariz.App. 509, 460 P.2d 45 (1969). Likewise, a change of law by judicial decision after the date of filing but prior to the trial is applicable to govern the disposition. *State v. Nunez*, 135 Ariz. 257, 660 P.2d 858, 859 (1983).

■ In the present case, the *Wallis* decision was entered after entry of the plea agreement but prior to sentencing. In accordance with the above rules of law, we find that it was not error to apply the dictates of the *Wallis* decision. As a result, we conclude the trial court did not err in the manner in which it applied credit for presentence incarceration to the sentence.

## APPELLANT'S PLEA WAS VOLUNTARY

As his final argument on appeal, appellant contends that his plea was not know-

ingly, intelligently and voluntarily made because he was not advised as to how the trial court would apply credit for presentence incarceration. We disagree that the plea was involuntary.

■ Pursuant to Rule 17.2, Arizona Rules of Criminal Procedure, 17 A.R.S., before accepting a plea of guilty, it is the duty of the trial court to advise the defendant of his rights and the consequences of pleading guilty. As stated in (b), the court must inform the defendant of

[t]he nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence ... or commutation imposed by statute.

The rule does not specify that the trial court must advise a defendant about credit for presentence incarceration nor do we find that such a requirement is a "special condition" as that term has been construed. *See State v. Levario*, 118 Ariz. 426, 577 P.2d 712 (1978); *State v. Lopez*, 27 Ariz. App. 626, 557 P.2d 558 (1976); *but cf. State v. James*, 126 Ariz. 353, 615 P.2d 650 (App. 1980); *State v. Esquer*, 26 Ariz.App. 572, 550 P.2d 240 (1976). Moreover, the plea agreement recites only that appellant is to receive the presumptive sentence on each count but is silent on credit for presentence incarceration.

■ In the present case, when the plea was accepted, appellant stated that the plea agreement contained everything to which he had agreed. He stated that no other promises were made to him and that he understood that the trial court could not guarantee anything that was not contained in the plea agreement. Therefore, even assuming appellant had an honest misunderstanding regarding the manner in which credit for presentence incarceration would be applied, this did not render the plea involuntary. We conclude that the trial court fulfilled its duty to advise appellant of his rights and the consequences of pleading guilty in conformance with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and

Rule 17.2 of the Arizona Rules of Criminal Procedure.

Accordingly, we affirm.

KLEINSCHMIDT, J., and YALE McFATE, Judge, Retired, concur.

NOTE: The Honorable YALE McFATE was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.