NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JENIFER AYCOCK NELSON, *Petitioner/Appellant*,

*v.*

STEVEN RICHARD NELSON, *Respondent/Appellee*.

No. 1 CA-CV 23-0098 FC
FILED 1-30-2024

Appeal from the Superior Court in Maricopa County
No.  FN2021-050782
The Honorable James Knapp, Judge

**AFFIRMED**

COUNSEL

Colburn Hintze Maletta, PLLC, Phoenix
By Robyn Barrett
*Counsel for Petitioner/Appellant*

Adam C. Rieth, PLLC, Mesa
By Adam C. Rieth
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Maria Elena Cruz joined.

---

**B A I L E Y**, Judge:

**¶1**        Jenifer Aycock Nelson ("Wife") appeals portions of the superior court's decree of dissolution of her marriage to Steven Richard Nelson ("Husband"). Finding Wife's arguments unavailing, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**        The parties married in 1989 and have no minor children. They opened a PostNet packing and shipping store together in 2008 and a second one about a decade later, then closed the original location in 2018. Husband ran the business, and Wife worked as a teacher.

**¶3**        In April 2021, Wife petitioned to dissolve the marriage. Wife also moved for temporary orders for Husband to pay at least half of the monthly household expenses or, alternatively, for the immediate sale of the marital home. She asserted Husband made no financial contributions toward the home and, to prevent foreclosure, she had to borrow money from her parents.

**¶4**        With the court's permission, Wife filed an amended dissolution petition in October 2021. In her amended petition, Wife contended she was the sole contributor to the shared financial obligations and household expenses, and that Husband "may have committed acts of community waste."

**¶5**        After the parties sold the marital home in January 2022, Wife moved to freeze the proceeds from the sale and requested the funds be held in her attorney's trust account. Later that month, Wife's counsel informed Husband that his initial disclosure statement pursuant to Arizona Rule of Family Law Procedure ("Rule") 49 contained "several deficiencies" and

---

[1] We view the evidence in the light most favorable to upholding the superior court's rulings. *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

asked Husband to provide statements for his bank and credit card accounts. Husband did not respond.

¶6 In February 2022, the court granted Wife's motion to freeze the home sale proceeds and ordered the funds to be held in her attorney's trust until both parties provided written consent to distribute those proceeds. After the disclosure and discovery deadline passed, Wife moved to compel Husband to provide the requested financial statements. She also requested an award of attorneys' fees.

¶7 After oral argument on Wife's motion to compel, the court granted Wife's motion in part, directing Husband to provide all requested bank account statements and "[a]ny other financial data not already disclosed for which disclosure is required under Rule 49."

¶8 As to Wife's attorneys' fees request, the court found Husband failed to respond to Wife's motions and provided no reasonable explanation for not responding. The court concluded Husband's failure was "unreasonable" and his actions merited an award of fees and costs to Wife. But because the litigation was ongoing, the court found it "appropriate to address the issue of attorneys' fees at the conclusion of this case and so the Court has the benefit of considering the reasonableness of both parties' positions as well as the total amount of fees incurred and any financial disparity between the parties' financial resources." The court then concluded Wife's request for fees would "abide final trial."

¶9 In mid-November 2022, Wife asked the court to issue findings of fact and conclusions of law in its final decision. Later that month, the parties filed their joint pre-trial statement, in which Wife explained that Husband retained "full custody and control" over the PostNet business since the parties separated. Wife requested she be removed from all business obligations and that Husband retain the business. She further alleged Husband "devalued the business" and committed marital waste through "multiple extramarital affairs and excessive spending." Thus, she argued the parties' assets should be divided equitably rather than equally. Finally, Wife asserted entitlement to attorneys' fees pursuant to the court's earlier finding that Husband acted unreasonably.

¶10 Later that month, the court held an evidentiary hearing. Wife testified and asked the court to order the sale of the PostNet business. She also acknowledged that she knew the PostNet business was losing money before the parties filed the pre-trial statement. And when asked, Wife agreed that the business debt should be paid off by selling the business.

Husband testified the PostNet business was not profitable because its model was "antiquated," and the parties had discussed selling it on multiple occasions. Husband also testified he had borrowed $10,400.00 from his mother and brother to help keep the business afloat.

¶11 The court issued the decree in January 2023. The court found the PostNet business "has not been profitable in recent years" and ordered its sale. The court ordered that the parties use the sale proceeds to pay off any debts—addressing business debts first—and then divide any net proceeds equally. The court also found "no evidence of significant marital waste" but ordered, "that Husband shall pay Wife one half of the expenses attributed to purchase of flowers, dating website dues, and airline tickets relating to [Husband's alleged paramour]." The court identified as a community debt a "Personal Loan" from Husband's mother and brother totaling $10,400.00. And it denied both parties' requests for attorneys' fees and costs after finding that, overall, "the parties' positions have been reasonable and their disagreements legitimate," and "there isn't a significant disparity in [their] income and resources."

¶12 Wife timely appealed, and we have jurisdiction. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶13 Wife raises numerous issues, and her arguments primarily rely on her assertions that the superior court erred in finding Husband's testimony credible, especially when it was unsubstantiated by documentary evidence or contrary to Wife's testimony.

I.     Exhibit 45

¶14 Wife argues the superior court abused its discretion by relying on Exhibit 45, which was not in evidence. In its dissolution decree, the court referenced Exhibit 45 when it stated: "The Court admitted the balance sheets for 2011-2021 (Ex. 44) and the income statements for 2011-2021 (Ex. 45), which corroborate Husband's testimony" that the business had not been profitable in recent years due in part to an obsolete business model.

¶15 The record shows, as Wife correctly states, the court did not admit Exhibit 45 into evidence during the evidentiary hearing. She alleges, in effect, trial error but cites no caselaw supporting her position. We review the admission or exclusion of evidence for an abuse of discretion. *See State v. Gill*, 242 Ariz. 1, 3, ¶ 7 (2017) (admission); *State v. Romero*, 239 Ariz. 6, 9,

4

¶ 11 (2016) (exclusion). The court abuses its discretion by committing an error of law. *Romero*, 239 Ariz. at 9, ¶ 11. Even if the court erred here, we review the court's consideration of a report not admitted into evidence for harmless error. *See State v. Stevens*, 158 Ariz. 595, 597 (1988). In general, an error is harmless if the evidence is merely cumulative. *State v. Williams*, 133 Ariz. 220, 226 (1982); *State v. Torres*, 127 Ariz. 309, 311 (App. 1980). Evidence is cumulative if it is more evidence of the same character and supports a fact already established by other evidence. *See Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 526, ¶ 22 (App. 2014).

**¶16** Husband's testimony alone supports the court's conclusion that the PostNet business had not been profitable in recent years. Wife does not dispute that fact but disputes the cause of its unprofitability. Wife concedes Exhibit 45 was cumulative by stating it "merely shows the PostNet business was not profitable." *See Williams*, 133 Ariz. at 226. The court's reference to Exhibit 45 was harmless.

II.     Reimbursement Claim

**¶17** Wife also argues the court abused its discretion by failing to address her claim for reimbursement of community expenses. Wife filed a proposed resolution statement and a separate pre-trial statement, claiming entitlement to reimbursements from the net proceeds after the sale of the marital home pursuant to *Bobrow v. Bobrow*, 241 Ariz. 592 (App. 2017). She reasserted her claim in the parties' joint pre-trial statement and at the hearing. Under *Bobrow*, "[a] spouse who voluntarily services community debt and maintains community assets with separate property should not be penalized when a mutual agreement cannot be reached[, and w]hen such payments are made, they must be accounted for in an equitable property distribution." *Id.* at 596, ¶ 19.

**¶18** Wife made a timely request for findings of fact and conclusions of law. But after the court issued its decree, Wife did not move to alter or amend the judgment, or otherwise challenge the sufficiency of the court's findings before filing her appeal. "A litigant must object to inadequate findings of fact and conclusions of law at the trial court level so that the court will have an opportunity to correct them." *Elliott v. Elliott*, 165 Ariz. 128, 134 (App. 1990) (citation omitted). Because the superior court was not given this opportunity, Wife waived any challenge to the sufficiency of the court's findings.

III.    Business Valuation and Husband's Personal Loan

**¶19**    Wife also contends the superior court abused its discretion in finding Husband's testimony about the business and his personal loan to be credible.  After a three-hour hearing, the court concluded Husband credibly testified the PostNet business had not been profitable in recent years due to various factors, including an obsolete business model, increased competition from Amazon.com and others, and the recent pandemic.  The court also identified a "Personal Loan" "from Husband's mother and brother" for $10,400.00.

**¶20**    We will not reweigh the evidence, and we defer to the superior court's credibility determination.  *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009); *see also Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) ("[T]he [superior] court is in the best position to judge the credibility of witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the [superior] court." (citation omitted)).

**¶21**    Wife asks us to take judicial notice from various websites and outside sources "that it is public knowledge that PostNet is a highly successful franchise and did not go into significant decline due to COVID" and is not an outdated business model.  We rarely consider materials outside the record on appeal because this court does not act as a fact finder. *See State v. Shackart*, 190 Ariz. 238, 247 (1997).  Accordingly, we decline Wife's invitation to take judicial notice of the websites she provides and the general statistical claims she makes in her opening brief.

**¶22**    The record contains substantial evidence supporting the superior court's determination that the parties' PostNet business had not been profitable and that Husband received a personal loan for $10,400.00 to help its operation.  Because we defer to the superior court's judgment on the credibility of the witnesses and will not reweigh conflicting evidence on appeal, *see Hurd*, 223 Ariz. at 52, ¶ 16, we conclude the court did not abuse its discretion.

IV.    Waste Claim

**¶23**    Wife also argues the court abused its discretion in relying on Husband's "bare assurance that he had not squandered substantial community assets" and by "not providing specific findings of fact regarding the community waste."

**¶24**    After considering the parties' conflicting testimonies and exhibits, the court found "no evidence of significant marital waste."  The

court noted that although "Wife is frustrated because she believes Husband squandered the business income and accrued debts on extramarital affairs . . . [Husband] credibly explained that the bulk of the expenses Wife questions are actually community expenses," and Husband agreed to reimburse Wife for her half of those expenses.

¶25 Even if we assume arguendo that Wife has not abandoned or waived her argument by failing to provide supporting record citations and caselaw, *see State v. Moody*, 208 Ariz. 424, 452, ¶ 101 n.9 (2004); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996), Wife fails to show "abnormal or excessive expenditures" beyond the court's waste finding, *see Gutierrez v. Gutierrez*, 193 Ariz. 343, 346–47, ¶¶ 6–7 (App. 1998). And, even if she had made such a showing, we will not disturb the superior court's credibility findings as to Husband's explanations for those expenditures. *See Hurd*, 223 Ariz. at 52, ¶ 16.

V.    Attorneys' Fees

¶26 Finally, Wife argues the "law of the case" is that Husband acted unreasonably during discovery, and thus, the court erred by failing to award Wife attorneys' fees and costs. To support her argument, Wife quotes the court's May 2022 order: "[T]he Court finds that Respondent/Husband has behaved unreasonably in the discovery/disclosure process. Accordingly, while the overall issue of fees will abide trial, any such award will include this Court's finding as to Husband's unreasonableness on the issue of disclosure and discovery." But Wife fails to include other relevant excerpts of the court's ruling:

> [G]iven that the litigation is not yet concluded, the Court finds that it is appropriate to address the issue of attorneys' fees at the conclusion of this case and so the Court has the benefit of considering the reasonableness of both parties' positions as well as the total amount of fees incurred and any financial disparity between the parties' financial resources.

¶27 The court ruled it would determine the parties' reasonableness and Wife's entitlement to attorneys' fees at the end of the case. In its dissolution decree, the court found that Wife and Husband "did not act unreasonably in the litigation." It addressed Wife's claim that Husband had been unreasonable by concluding, "[t]he Court finds that the parties' positions have been reasonable and their disagreements legitimate." Contrary to Wife's assertion that the court failed to make

factual findings supporting its attorneys' fees conclusion, the court addressed the issue of Husband's reasonableness in its decree.

**¶28**         The "law of the case" doctrine refers to the principle that when an appellate court rules on a question of law and remands the matter for further proceedings in the superior court, the legal questions answered in the appellate court's ruling will not be disturbed in that same case below or on a subsequent appeal. *Emps. Mut. Liab. Ins. Co. of Wis. v. Indus. Comm'n*, 115 Ariz. 439, 441 (App. 1977). The court's factual finding that Husband "acted unreasonably" during discovery is not the law of the case governing the fees award. Thus, the doctrine does not apply. The court did not abuse its discretion in denying Wife's attorneys' fees request.

## ATTORNEYS' FEES ON APPEAL

**¶29**         Both parties request an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324, which allows the court to award fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Wife also requests fees under A.R.S. § 12-349(A)(1), arguing Husband has taken positions without substantial justification. Neither party presents any substantial argument in favor of a fee award, and in our discretion, having considered their financial resources, we decline both parties' requests. As the successful party, Husband is awarded his taxable costs incurred on appeal pursuant to A.R.S. § 12-341 upon compliance with Rule 21, ARCAP.

## CONCLUSION

**¶30**         We affirm the superior court's dissolution decree.



AMY M. WOOD • Clerk of the Court
FILED:    AA